In the Matter of the Judicial Settlement of the Accounts of Byron D. McAlpine et al., as Executors, etc.

Byron D. McAlpine et al., as Executors, etc., *v.* Charles B. Potter et al.

Double commissions to the same person, as executor and trustee, are to be awarded only when the will contemplates a several and separable action in each capacity, not at the same time, but at different stages of the administration.

The performance of a trust may be added to the ordinary duties of an executor in such a manner that the two functions run on together, and

where a will makes no separation, but thus blends the two duties, single commissions only are allowable.

It is the duty of an executor, as such, to pay to a legatee the amount of the legacy, in the manner and at the time provided by the testator, and that duty is not changed by the fact that the payment of the principal is postponed and the income made payable annually in the meantime; the trust duty thus imposed becomes a function of the office of executor.

The will of P. gave his entire estate in trust, and directed the "executors and trustees hereinafter named" to retain it undivided until the period of distribution, and meanwhile to pay funeral expenses, debts, accruing taxes, repairs, reasonable insurance, one fixed and definite annuity and aliquot parts of the net accruing income to beneficiaries named until the final distribution. Upon an accounting the executors were allowed double commissions. *Held,* error.

The bulk of the estate came to the executors invested in securities which had not been turned into money. The executors were allowed half-commissions upon the estimated value of the securities for receiving so much of the funds of the estate. *Held,* error; that such allowance in advance of the conversion of the securities into money for the purposes of payment, or of acceptance of them by the legatees as payment was premature and not justified.

*It seems* that such an allowance upon all sums of money received would have been proper.

*In re Mason* (98 N. Y. 536), distinguished.

The surrogate allowed to each executor full commissions upon the income received and paid out; this did not exceed $100,000. *Held,* error.

*In re Willetts* (112 N. Y. 289), distinguished.

(Argued March 19, 1891; decided April 14, 1891.)

Cross-appeals from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1891, which modified, and affirmed as modified, a decree of the surrogate of the county of Monroe upon an accounting of the petitioners, as executors of the last will and testament of Henry S. Potter, deceased.

The opening clauses of the will of Henry S. Potter, are as follows:

"I give, devise and bequeath to my trustees hereinafter named, excepted as otherwise provided, all my real and personal estate of which I shall die seized or possessed, in trust, nevertheless, for the uses and purposes, that is to say:

" I direct my executors and trustees hereinafter named, or those that shall be such at my decease, to retain my estate entire and undivided until and except as hereinafter directed.

" *First.* Pay my funeral expenses and my just debts and all taxes legally assessed on my estate, and all necessary repairs and reasonable insurance."

The will then directed the payment of an annuity of $200 to a beneficiary named during her life, and the payment of one-sixth of the net annual income to each of six beneficiaries during his or her life, the annuities, however, to cease upon the death of the survivor of two persons named. Upon the decease of the surviving child of the testator, if all died before the survivor of said two persons named, or upon the death of such survivor, the executors were directed to close and distribute the estate as directed. Then followed this clause :

" *Twenty-first.* I do hereby give, devise and bequeath to my trustees hereinafter named, all and every part of my property and estate of whatever name, nature or description, and wheresoever situate, to have and to hold the same in trust for the uses and purposes in this my will expressed, with power to lease, sell, assign, transfer and convey the same, collect, invest and reinvest the proceeds thereof as they shall deem best for the interest of my estate, excepting only as otherwise herein provided."

*Spencer Clinton* for appellant. The functions and duties of the appellants as executors are separable from their functions and duties as trustees under the will, and the court erred in not discharging them as executors and turning the estate over to them as trustees. (*Johnson* v. *Lawrence*, 95 N. Y. 154; *Layton* v. *Davidson*, Id. 623; *P. Ins. Co.* v. *Livingston*, 101 id. 451; *In re Mason*, 90 id. 527; *In re Willetts*, 112 id. 289.) The executors were entitled to their commissions upon the value of the property turned over to them as trustees. (*In re Morgan*, 3 Dem. 289; *Cavius* v. *Chabert*, 3 Edw. Ch. 312; *In re DePeyster*, 4 Sandf. Ch. 511; *Wagstaff* v. *Lowerre*, 23 Barb. 209; *Ogden* v. *Murray*, 39 N. Y. 209; *Ward*

v. *Ford,* 4 Redf. 34; *In re Roosevelt,* 3 id. 601; *Mann* v. *Lawrence,* 3 Bradf. 424; *Savage* v. *Sherman,* 24 Hun, 307.) Each executor should have been allowed full commissions upon the income of the estate. (*Waters* v. *Faber,* 2 Dem. 290; *Willing* v. *Willing,* 3 id. 511; *Smith* v. *Buchanan,* 5 Fol. 169; *In re Blakemy,* 1 Connolly, 135; *In re Linkauf,* 4 Dem. 1; 6 id. 304.)

*Sardius D. Bentley* for respondent. When, by the terms or true construction of the will, the functions of executors and trustees created by that will, with their corresponding duties, coexist, and run from the death of the testator to the final discharge, interwoven, inseparable and blended together, so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and another begin, double commissions or compensation in both capacities cannot be allowed; and the persons who take upon themselves the execution of the will can have no judicial discharge as executors and continue the execution of the will as testamentary trustees only. (*Johnson* v. *Lawrence,* 95 N. Y. 154; *Layton* v. *Davidson,* Id. 263; *Phœnix* v. *Livingston,* 101 id. 451; *In re Hood,* 98 id. 363; *Hulbert* v. *Durant,* 88 id. 121; *Hall* v. *Hall,* 78 id. 535; *Valentine* v. *Valentine,* 3 Barb. Ch. 430; *In re Townsend,* 5 Dem. 147.) The two functions *strictissime jure* of executors and testamentary trustees under the will before us are coexistent, commingled and conterminable in the testamentary intention. (Code Civ. Pro. § 2514; *Johnson* v. *Lawrence,* 95 N. Y. 154.) It was error to allow commissions upon the securities received from testator and remaining on hand uncollected. (*Manning* v. *Manning,* 1 Johns. Ch. 527; *Collier* v. *Munn,* 41 N. Y. 143; *McWhorter* v. *Benson,* Hopk. Ch. 28; *Vanderhyden* v. *Vanderhyden,* 2 Paige, 287; 2 R. S. 93, chap. 6, § 58; Laws of 1863, chap. 364, § 8; Code Civ. Pro. § 2736; *Betts* v. *Betts,* 4 Abb. [N. C.] 436.) The decree erroneously allows the executors to retain one and one-half per cent upon the aggregate of their commissions. (*Betts* v. *Betts,* 4 Abb. [N. C.] 438.) The decree erroneously allows

the executors to retain commissions on $87,207.57 of income. (*Sheerin* v. *Pub. Adm.*, 2 Redf. 421 ; *Walke* v. *Hitchcock*, 5 id. 217 ; *Atty.-Gen.* v. *N. A. L. Ins. Co.*, 89 N. Y. 105 ; *Platt* v. *Moore*, 1 Dem. 191 ; *Hall* v. *Tyson*, Id. 296 ; *Hill* v. *Nelson*, Id. 357.) The allowance of triple commissions on income by the surrogate was error. (*Savage* v. *Sherman*, 24 Hun, 307 ; Code Civ. Pro. § 2736 ; *In re Willetts*, 112 N. Y. 298.) So much of the decree as directs the payment of any commissions out of income is erroneous. (*Mosely* v. *Marshall*, 22 N. Y. 200 ; *Drake* v. *Price*, 5 id. 430 ; *Wells* v. *Knight*, 5 Hun, 52 ; *Whitson* v. *Whitson*, 53 N. Y. 479 ; *Lansing* v. *Lansing*, 45 Barb. 182 ; *In re Albertson*, 113 N. Y. 434 ; 46 Hun, 566.)

Finch, J. The principal question which is presented by this appeal is whether the commissions to be allowed are to be governed by the doctrine of *Johnson* v. *Lawrence* (95 N. Y. 154) or *Laytin* v. *Davidson* (95 id. 263). Both cases agree in the rule that double commissions to the same persons, first in the character of executors and then in that of trustees, are to be awarded only when the will contemplates a several and separable action in each capacity, not at the same but different stages of the administration, and that they are not to be allowed where the will makes no such separation, but blends the two duties and commingles them without a severance. To the ordinary duties of an executor may be added the performance of a trust in such a manner that the two functions run on together. It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty that the payment of the principal is postponed and the income made payable annually in the meantime. A trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office. A will must go further than that to admit of double commissions, and must clearly and definitely indicate an intention of the testator to end the executor's duty at some point of time, and require him thereupon

to constitute and set up one or more several trusts, to be held and managed as such for the interest of the beneficiary. This will manifests no purpose of that character, for, while it creates a trust and speaks of the executors sometimes as trustees, there is no provision in it which requires or contemplates a holding of any part of the estate by trustees as distinguished from executors. At its very outset it makes the executors either wholly and continuously such, or wholly and continuously trustees, for in its first sentences it gives the entire estate in trust, and directs the "executors and trustees hereinafter named" to retain it undivided till the period of distribution, and meanwhile to pay funeral expenses, debts, accruing taxes, repairs, reasonable insurance, one fixed and definite annuity, and aliquot parts of the net accruing income until the final distribution. There is no provision requiring any share or trust fund to be severed from the body of the estate, or to be ascertained as a residue of principal to be kept invested for its specific income payable to a beneficiary, but all duties without separation, whether imposed by the law or by the will, run on together mingled and blended to the end. An examination of the cases in which double commissions have been allowed will show that they were exceptional in their nature and contained provisions distinctly and definitely pointing to a holding by trustees as such after the duties of the executors were completed and ended. This is not such a case, and double commissions were properly withheld.

A further question is raised over the allowance to the executors of half commissions for receiving the funds of the estate. The law allows a specific rate for "receiving and paying out all sums of money." The statute indicates no division of the commissions which should apportion one-half to the receiving and the balance to the paying out, though the courts have allowed it in proper cases. But the allowance here was premature. The bulk of the estate came to the executors already invested and in the form of securities which have not been turned into money. No law justifies the allowance of one-half commissions upon their estimated value in advance of their

conversion into money or its equivalent. It was proper enough to allow one-half commissions upon all sums of money received, but until the securities become sums of money, either by conversion into cash or by their acceptance as cash by those entitled, the allowance is premature. The computation of the commissions at an earlier period pays for services before they are rendered and rests upon estimates of value which may be very different from the sums of money actually received and paid out. A time will come when the allowance may be entirely just and proper. That will be when the securities have been turned into money for the purpose of payment, or have been accepted by the legatees as cash without being converted. The allowance upon the securities was premature and without a statutory basis and must be reversed. I do not understand that any contrary rule was held in *Matter of Accounting of Mason* (98 N. Y. 536.) It was there said that at the distribution the trustees were entitled to half commission for receiving and half for paying out the *corpus* of the estate "whether the funds be then in money or choses in action." But the remark went upon the assumption that the trustees "had fully discharged their duties" and so had paid over the whole fund, if not in cash, at least in securities which the legatees were bound to accept or voluntarily consented to accept.

The surrogate allowed to each executor full commissions for receiving and paying out the income of the estate and the General Term reversed that in reliance upon *Matter of Willets* (112 N. Y. 289). It is now claimed that the case was misunderstood and that the reversal was error. We said in that case that " when trustees account in reference to incomes which they are required annually to pay over and account for, no matter how much the principal may be, or how much the estate of the decedent may have been, section 2736 does not apply unless the income exceeds $100,000 ; and more than one commission can be allowed only in case the sums upon which commissions are computed amounts to at least $100,000." The language seems decisive : but our attention is called to a prior expression in the opinion that " if this accounting had involved

the whole of that estate the trustees would have been entitled to three full commissions: " and it is now said that the present accounting involves the whole estate. In some very loose and general sense that may be true, and yet not at all true as it respects the allowance of commissions. The accounting is final only as to the income received and paid out. As to the principal of the estate the final accounting has not been reached, and so the whole estate is not involved. When it is, section 2736 of the Code will apply. It is urged that the income accounted for does in fact exceed $100,000. The finding of the surrogate approved by the General Term was the other way and it is not our duty to open that inquiry.

Some other questions are raised which we cannot determine without an investigation of the facts which we ought not to be required to make. Thus it is said that the executors are overpaid by neglect to apply the decision of the General Term, and that one of the executors gets commissions twice over. It seems to us best, therefore, to send this case back to the surrogate for a new computation of commissions in accordance with the rules herein declared. And for that purpose we reverse the judgment of the General Term and so much of the surrogate's decree as relates to commissions and order a new hearing before him in respect thereto without costs to either party as against the other.

All concur.

Judgment reversed and judgment accordingly.