In the Matter of the Judicial Settlement of the Accounts of PHILO D. BEARD and Another, as Executors, etc., of CAROLINE M. McCREDIE, Deceased.

PHILO D. BEARD and Another, Appellants, v. ISA A. McCREDIE, Respondent.

*Executors and trustees under a will — when the same persons are entitled to commissions in both capacities.*

To entitle the same persons to commissions as executors of, and trustees under, a will, such will must provide either by express terms or by fair intendment for the separation of the two functions and duties, one duty to precede the other, and to be performed, or substantially performed, before the latter is begun.

The first four provisions of a will created no trust, involved no exercise of discretion, vested no estate in the executors, but simply disposed of a certain sum of money and particular articles of personal property by direct gift to the persons therein named.

The fifth provision thereof assumed that the previous provisions had been fully executed, and dealt with the residue of the estate alone. It gave all the residue of the property of the testatrix, real and personal, in trust to her executors and testamentary trustees, thereafter appointed. It defined the trust created, which was to continue during the life of a daughter of the testatrix, the sole beneficiary thereunder, and it prescribed the final and absolute disposition of the property when the trust should have been fully discharged.

The sixth and last provision of the will nominated the same persons as the " executors of, and testamentary trustees under," the will, and gave to them as executors and testamentary trustees power to sell, etc., and to invest the proceeds of such sales as they might see fit for the purpose of carrying out the provisions of the will.

*Held,* that the duties of the executors and trustees were separate and distinct, and that they were entitled to commissions in both capacities.

APPEAL by Philo D. Beard and another, the executors, etc., of Caroline M. McCredie, deceased, from that portion of a decree of the Surrogate's Court of the county of Erie, entered in the Erie County Surrogate's Court on the 28th day of July, 1893, determining that the appellants were each entitled only to single commissions as executors and testamentary trustees.

*J. M. Provorst,* for the appellants.

*P. C. Reyburn,* for the respondent.

FIFTH DEPARTMENT, MARCH TERM, 1894.        [Vol. 77.

DWIGHT, P. J.:

The sole question in this case is whether, under the provisions of the will of Mrs. McCredie, the functions and duties of the appellants, on the one hand as executors and on the other hand as trustees, are so far severable and severed that they are entitled to be allowed compensation in both capacities; or — more specifically — whether as executors they are entitled to commissions for "paying out" the trust fund to themselves as trustees. A careful examination of the will of Mrs. McCredie, in the light of the authorities bearing upon the present question, leads us to the conclusion that the question must, in this case, be answered in the affirmative.

The will in question contains six provisions numbered from one to six. The first provides for the payment of debts and funeral expenses; the second provides a pecuniary legacy to the sister of the testatrix; the third, a specific legacy to her adopted son; the fourth, a specific legacy to her daughter.

These four provisions create no trust, involve no exercise of discretion, vest no estate in the executors, but simply dispose of a particular sum of money and particular articles of personal property by direct gift to the persons named therein. So much of the will may, and should have been, completely executed, and the estate so far closed up, immediately on the expiration of the year limited by the statute.

The fifth provision of the will introduces a new order of things. It assumes that the previous provisions of the will have been fully executed, and it deals with the residue of the estate alone. It gives all the rest, residue and remainder of the property of the testatrix, real and personal, in trust, to her executors and testamentary trustees thereafter appointed. It defines the trust thus created, which is to continue during the lifetime of the daughter of the testatrix, who is the sole beneficiary of the trust, and prescribes the final and absolute disposition of the property when the trust shall have been fully discharged. Throughout this provision of the will the persons charged with its execution are denominated "the said trustees."

The sixth and last provision of the will nominates the appellants as "executors of, and testamentary trustees under," the will, and gives to them, as such executors and testamentary trustees, power to sell, lease, etc., any of the property, real and personal, and invest

the same as they may see fit for the purpose of carrying out its provisions.

By a codicil to the will, the testatrix provided two additional pecuniary legacies, and also a bequest to the executors and testamentary trustees of her will, of the sum of $2,500 in trust, to be expended in the construction of a monument in memory of her late husband.

It is apparent that the first two provisions of the codicil fall into the classification of the first four provisions of the will, and, like them, are to be executed before the trust in the residue of the estate can take effect. The same is equally true of the provision for a monument so far as the laying aside and appropriation of the money is concerned. That sum of money, together with the sums named in the several pecuniary bequests, and the articles of personal property specifically bequeathed, must all be withdrawn from the body of the estate before the residue of the estate can go to constitute the trust fund, or can go into the hands of the trustees as such, under the fifth provision of the will.

We have then, as it seems to us in this will, a scheme for the care and distribution of an estate which not merely permits, but practically accomplishes, a separation between the functions of the executors and those of the trustees; in which the two functions cannot be said to be blended for any purpose or to co-exist for any period of time; in which, on the contrary, the duties of the executors are to be ended before those of the trustees are begun.

The case before us seems, therefore, to respond in favor of the contention of the appellants, to all the tests which our courts have applied in several recent cases for the purpose of determining whether the functions of executors and trustees in the same will were to be regarded as separate and distinct, and whether, accordingly, the persons exercising those functions were entitled to compensation in both capacities.

The cases referred to are *Johnson* v. *Lawrence* (95 N. Y. 154); *Laytin* v. *Davidson* (29 Hun, 622; 95 N. Y. 263); *Phœnix* v. *Livingston* (101 id. 454); *Matter of McAlpine* (15 N. Y. St. Repr. 532; 126 N. Y. 285); *Matter of Crawford* (113 id. 560). The doctrine of all these cases was the same though the results reached differed from each other. In the first of the cases cited the two func-

tions were found to co-exist throughout the administration of the estate and to be inseparable, and double commissions were denied. As was said by FINCH, J., in writing the opinion : " It is apparent that from the very beginning the duties of the executors were blended inseparably with the trust duties and were so intended to remain ; \* \* \* There was no point of time prior to that division, at which it could be said that one function ended and the other began. \* \* \* As a trust duty it sprang into life at the same instant with the executorship and inextricably blended with it." The examination already given to the will in the case at bar has shown, we think, that it presents the reverse of the propositions above stated, and that, on the other hand, it corresponds to the propositions contained in the statement in the same opinion, of the rule " that to entitle the same persons to commissions as executors and as trustees, the will must provide, either by express terms or by fair intendment, for the separation of the two functions and duties, one duty to precede the other and to be performed before the latter is begun, or substantially so performed."

In the case of *McAlpine* the same rule was applied with the same result, it being considered " that the will " in that case " does not provide for the separate and successive duties, but that the trust duties and those of the executors have co-existed from the issue of letters testamentary to the present time, and will so co-exist down to the final execution of all the powers and duties created and prescribed by the will."

In *Laytin* v. *Davidson* the application of the same test afforded the contrary result. In the opinion in the Court of Appeals ANDREWS, J., said : " The will clearly contemplated a period of time when the duties of executors, as such, should end, and they should assume the character exclusively of trustees for the widow and children of the testator. The duty to pay debts and the legacies presently payable, and to construct a burial vault, was strictly executorial, and, upon the accomplishment of these purposes, the property was given ' upon the further trust ' to divide the residue, etc. The duty of division into shares and to receive and apply the income of the several shares to the use of the beneficiaries respectively could not be performed until the residue was ascertained by an accounting."

In *Phœnix* v. *Livingston* the persons charged with the adminis-
tration of the estate were, as in this case, denominated "executors
of, and testamentary trustees under," the will, and in the opinion in
that case FINCH, J., says of them : "They were first to act as execu-
tors of the will and then as trustees under it. * * * The
accounts of the executors as such were settled and there was left
nothing but the trust estates to be managed for the beneficiaries.
* * * We think it was a proper case for the allowance of com-
missions to the same persons first in the character of executors and
then in that of trustees."

In the case of *Crawford*, the last of those cited, the residuary
estate was given to the executors in trust, with authority to sell the
real estate and to divide the whole into specified parts, which were
to be kept invested and the income paid to the beneficiaries named.
The provision was in all respects material to this inquiry, the same
as in this case. And in that case the court by PECKHAM, J., said :
"Lastly, we think that the court at General Term was right in
awarding double commissions. As executors it was their duty to
pay the debts of the deceased, and then all the residue of the
property which was not devised or bequeathed to others, was, by the
third clause of the testator's will, given to the executors in trust for
the purposes therein mentioned. * * * We think that after
the sale of the real estate and the payment of debts the duty of the
executors ended by the payment to the trustees (themselves) of the
32 parts into which the estate directed to be paid over to them was
to be divided. From that time the duties of the trustees com-
menced, and they were to invest in their names as trustees the five,
eight and nineteen parts respectively, in accordance with the direc-
tions of the will, and at the death of the testator's daughters respec-
tively the trust estate is to be paid by them as trustees and not as
executors. This gives them the right to double commissions."

It seems to us that the case in hand is quite as clearly one in
which the duties and functions of executors are distinct and sepa-
rate from those of trustees, as either of the cases cited in which the
rule of separation was applied and double commissions allowed.

The decree of the surrogate should be modified so as to provide
for the discharge of the executors as such, upon the settlement and
allowance of their account, the transfer to themselves as trustees of

the entire residue of the estate appearing upon the account as settled, and the allowance to them of the usual commissions for receiving and paying out as executors and for receiving as trustees.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Decree of the Surrogate's Court of the county of Erie appealed from modified as indicated in the opinion, and as so modified affirmed and case remitted to that court to proceed therein, with costs of this appeal to the appellant payable out of the estate.