(110 Ann. Div. 519)

### BANK OF NIAGARA v. TALBOT et al.

(Supreme Court, Appellate Division, Fourth Department. January 3, 1906.)

1. WILLS—LEGACIES—INTEREST—WHEN IT BEGINS TO RUN.

Where a will directed that not later than a specified time after testator's decease the executors should convert the property into money and pay over the legacies, they did not bear interest until the expiration of the time specified.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1849–1865.]

2. SAME—GIFT OF INCOME—COMPUTATION.

Where the income of an estate or any portion thereof is given to a legatee for life, the legatee is entitled to the income accruing thereon after the death of testator.

3. SAME—GIFT OF INTEREST—ANNUITY.

Where a will directed that the interest on a specified sum of money should be paid to a certain person for life, with the principal at her death to her children, it was a gift of interest, and not an annuity.

4. SAME—COMPUTATION OF INTEREST.

Where a will gave the interest on $6,000 to a certain person for life, she, until such sum was set apart according to the will, was entitled to such proportion of the income of the entire estate as $6,000 bore to the entire value of the estate.

Appeal from Special Term, Erie County.

Action by the Bank of Niagara against Ashton Buchanan Talbot and others. From an order confirming the report of a referee in surplus money proceedings, and directing distribution of the surplus moneys in accordance therewith, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

J. Boardman Scovell and Simon Fleischman, for appellants.
Tracy C. Becker, for respondent.

NASH, J.   The time of payment of all of the legacies to the appellants, except Helen Morehouse Kennedy, and therefore the time from which they bear interest, is fixed and determined by the testatrix in the thirty-seventh paragraph of her will.   It gave to the executor the power and authority to collect the rents, issues, and profits of her real estate, and to invest and reinvest the same; also full power of sale of any and all of her real estate and personal property in his discretion, at any time within six years after her decease, and invest and reinvest the proceeds of such sale, so far as required by the provisions of the will, and further provided:

"But it is my will, and I hereby direct, that not later than the expiration of six years after my decease, according to the best judgment of my executor, my property shall be converted into money and my estate fully settled and the distributive shares and legacies paid over to the person or persons entitled thereto, in the order in which their names appear in this instrument."

Thus it was provided that the legacies did not by the terms of the will become due and payable until six years after the death of the testatrix, and consequently did not bear interest until after that period of time had elapsed.   Thorn v. Garner, 113 N. Y. 198, 21 N. E. 149; Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 21 N. E. 75; Wheeler v. Ruthven, 74 N. Y. 428, 30 Am. Rep. 315.   In Thorn v. Garner, supra, the testator bequeathed to his son $1,000,000, to be paid within 18 months after the testator's death.   It was held that the son was not entitled to any interest upon his legacy previous to the expiration of the time fixed for its payment.

In the Van Rensselaer Case, the language of the will was:

"I hereby give and bequeath to my sister Elizabeth the sum of ten thousand dollars, to be paid by my executors when it shall be convenient for them, without regard to the time fixed by law, out of the moneys derived from the sale of the Van Schaick farm left me by my brother Courtlandt, or otherwise, if it shall seem best to them."

It was held that the legatee was entitled to interest from the time when sufficient of the proceeds of the farm sales had been realized to pay her legacy.

In Wheeler v. Ruthven it is held that:

"The rule that a legacy is payable one year after the testator's death, and bears interest from that time, only applies in the absence of a direction in the will, or other decisive indication therein, which, interpreted in the light of the surrounding circumstances, shows a different intention on the part of the testator."

By the will the testatrix gave 21 general legacies, and directed that, in case her estate was insufficient to pay all, the first 15 legacies should be first paid.   The sole estate of the testatrix was a residuary interest in certain real and personal estate, in which her mother had a life interest.  · Held, that the testatrix intended that the legacies were to be

paid when, by the death of the life tenant, her estate should vest in possession, and that they only bore interest from that time.

Within the principle of these cases, the legacies of the appellants, other than Helen Morehouse Kennedy, did not bear interest until the expiration of six years from the death of the testatrix.

The seventeenth paragraph of the will gives to Helen Morehouse Kennedy, during her natural life, the interest on the sum of $6,000, and bequeaths the principal sum at her death to her children, as therein provided. It is a gift of the interest upon $6,000 set apart from the estate of the testatrix and invested, and not an annuity. Matter of Dewey, 153 N. Y. 63, 46 N. E. 1039. The executor had the same time in which to execute the power of sale for the purpose of setting apart the $6,000 to be held in trust for the legatee for life as to provide for the payment of the general legacies. But, in the absence of specific directions as to the time when the interest would become payable thereon, the rule that, where the income of an estate or a designated portion thereof is given to a legatee for life, the legatee becomes entitled to whatever income accrues thereon from and after the death of the testatrix, unless there is some provision in the will expressing a contrary intent. Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013, is applicable.

The provisions of the thirty-seventh paragraph of the will fixed the time of payment of only the distributive shares or legacies to be paid over to the person or persons entitled thereto, and is not applicable to the trust created for the beneficiaries, Helen Morehouse Kennedy and her children, except as to the time when the $6,000 should be set apart and invested for her use. Until set apart she was entitled to the income of so much of the estate as was represented by the $6,000, the proportionate amount which the income of $6,000 in value bore to the income of the whole estate, the personal of which is ascertained to have been $6,018.03, and the real estate as stipulated $300,000. The computation by the referee of the amount of income of the $6,000 for the period of six years from the death of the testatrix was made on this basis, and, as corrected by the stipulation of the parties, confirmed by the order of the county court.

The order of the county court should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.