(61 Misc. Rep. 563.)

### In re HARRIS et al.

#### (Surrogate's Court, Kings County.   December, 1908.)

1. WILLS (§ 684*)—CONSTRUCTION OF TESTAMENTARY TRUSTS—TIME OF TAKING EFFECT.

   Trust provisions for maintenance found in wills are usually construed to intend the application of the income from testator's death.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1625; Dec. Dig. § 684.*]

2. WILLS (§ 684*)—CONSTRUCTION OF TESTAMENTARY TRUSTS.

   Testatrix divided her residuary estate equally between her three daughters and two sons, but provided in a codicil that there should be equally deducted from the shares of two of the daughters and of the sons such a sum as, added to the share of the third daughter, would make it equal $10,000, and that such sum so deducted should be held in trust by testatrix's executors during the life of such daughter, or until she should marry; the income therefrom to be paid her in quarterly payments. *Held*, that the trust fund should be computed on the net principal of the estate, and that the executors should pay to themselves as trustees such part of the income as bore to the whole income the same proportion as the trust fund bore to the entire net principal; the income so received by the trustees to be paid to the beneficiary.

   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 684.]

3. EXECUTORS AND ADMINISTRATORS (§ 111*) — ACCOUNTING — CREDITS AND CHARGES.

   Where the judgment, in an action by the surviving partners of a firm of which decedent was a member, made the costs payable out of the partnership assets left in the hands of the surviving partners, after deducting therefrom the sums payable to decedent's estate, a payment by decedent's executors of a part of the costs will be disallowed on a judicial settlement of their accounts, since such costs were to be borne by those who had the legal ownership of the partnership assets, and the executors had but the right to an account from the surviving partners and to a payment of such sums as should appear due the estate on such account.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 111.*]

Proceedings for the judicial settlement of the account of Maria Louise Harris and Henry C. Bainbridge, as executrix and executor of the will of Hannah Maria Bainbridge, deceased.   Account settled.

Walter R. Davies, for executors and trustees.

Harrison, Elliott & Byrd (William Byrd, of counsel), for Johns C. McKennie, as executor, etc., of Mary J. C. McKennie, deceased.

Rollins & Rollins, for Carleton Bainbridge, a legatee.

William P. Pickett, special guardian.

KETCHAM, S.   The third paragraph of the will is as follows:

"Third. All the rest, residue and remainder of my estate, I give, devise and bequeath to my children, Mary Jane C. McKennie, William W. Bainbridge, Maria Louise Harris, Charles Edward Bainbridge and Lucy Anna Bainbridge, to be divided between them equally."

The second codicil provides:

"I direct that from the shares devised and bequeathed by me in and by the third clause of said will to my children, Mary Jane C. McKennie, William

W. Bainbridge, Maria Louise Harris and Charles Edward Bainbridge, or to their children, etc., there shall be equally deducted such a sum as would, if added to the share to be received by my daughter, Lucy Anna Bainbridge, under said clause, make up the same to the sum of ten thousand dollars, and that such sum, so deducted in equal portions from the said four shares first above mentioned, shall be held in trust by my executors during the life of my said daughter, Lucy Anna, or until she shall marry, they paying her the income thereof in quarterly payments until she shall die or marry."

The accountants in this proceeding present all that is necessary for the adjustment of their rights and duties either as executors or as trustees under the codicil. They insist that the trust fund should be calculated upon the gross value of the estate as it stood at the death, of the testatrix, without deduction for debts or expenses of administration. Against this it is contended not only that the trust fund cannot be set apart until the net amount of the estate be ascertained by a decree in this proceeding, but that in the amount of the estate upon which the trust fund is calculable must be included the increase which has accrued during the four years of administration.

The truth lies midway of these propositions. The calculation of the trust fund cannot be made upon the assets as they were at the time of death, for that would take no account of the burdens of the estate which executors must discharge. The fund from which the trust fund is to be derived is the residue, and the residue is that which remains after administration. There is no way by which this residue, or the trust fund as a part thereof, can become known except by the balancing of the executors' accounts. "An executor cannot be held to hold a fund as trustee until the trust fund has been in some way legally ascertained, identified, and separated from the general funds of the estate, and the trustee has entered upon the duties of his office as trustee as distinct and separate from his functions as executor." Matter of Williams, 26 Misc. Rep. 636, 57 N. Y. Supp. 943, and cases cited. But this is far from saying that the trust fund is to be computed upon all the moneys, both principal and interest, which are found to constitute the balance of the estate. The purpose of the trust was to secure the maintenance of the beneficiary during her life, unless she should marry. It was within the intent of the codicil that she should be maintained during each of the four years first following the decedent's death no less than during any later part of her life.

The codicil provides that the trust estate shall be held in trust during "the life of my said daughter." This means during each year of such life, from the beginning of the trust, and the trust begins at the death of the testatrix, to which time the will relates back. Trust provisions for maintenance, when found in wills, are usually construed to intend the application of the income from the time of death; and it is plain that this codicil was inspired by solicitude for the daughter, who, of all the children of the testatrix, most needed its provision.

That the design of the instrument was the maintenance of the beneficiary appears in the direction that the income be paid quarterly, and that the trust should cease upon the death or marriage of the beneficiary. This daughter, so long as she remained unmarried, was preferred in her mother's providence over sons who were able to help themselves, and daughters whose husbands were able to help them.

"Where the interest or income, in trust, is to be applied to the use of a person, such person is entitled to interest from the death of the testator." Cooks v. Meeker, 36 N. Y. 15; Rodman v. Fincke, 68 N. Y. 239. This is especially true of a trust for support and maintenance where it can be seen that the testamentary intent can only be fulfilled by the application of income from the beginning of the trust period. Both cases last cited make it plain that neither the rule nor its reason is affected by the mere fact that the amount of the trust provision cannot be known at the death of the testator.

In Rodman v. Fincke, supra, a trust was created as to the proceeds of the sale of lands if they amounted to $30,000, and it was provided that, if the proceeds did not equal that sum, there should be added thereto, out of the residuary estate, a sum sufficient to make up the difference. The deficiency occurred, and the fund was re-enforced from the general estate. The question was presented whether, upon the sum taken from the general estate, interest was payable from the time of death. In the manner by which the fund was to be computed, and in its uncertainty for years, the facts at bar are parallel. In that case Judge Rapallo says of the grandchildren to whom the income was payable for life:

"As to the sum necessary to make up the deficiency, the grandchildren cannot be said to have received the income of that during their lives, if interest thereon does not commence until the precise amount is ascertained by a sale, which, in the present case, was postponed for upwards of eight years. In some cases where the amount of the fund cannot be ascertained till a period after the testator's death, but the bequest is of the interest on such fund during the life of the legatee, it has been held that to carry out the intention of the testator the legatee for life must be allowed interest on the fund as afterwards ascertained, to be computed from the death of the testator. [Citing cases.] This rule is especially equitable when the fund has all the time been yielding income in the hands of the executors. See Hilyard's Estate, 5 Watts & S. (Pa.) 30."

The rule, with all its variations, is fully treated by Judge Thomas in his Estates Created by Will (volume 2, p. 1518 et seq.).

The trust fund should be computed upon the net principal of the estate, and the executors should pay to themselves as trustees such part of the income as shall bear to the whole income the same proportion as the trust fund bears to the entire net principal, and the income which is received by the trustees should be paid to the beneficiary. The payment by the executors of a part of the costs awarded by the judgment in Bainbridge v. Harris is disallowed. The only meaning of the judgment is that all the costs awarded were to be paid out of the partnership assets which were left in the hands of the surviving partners, after deducting therefrom the sums payable to the decedent's estate.

The specific language excludes the suggestion that the costs were in any part payable by the estate, or were payable in such manner as to become a charge upon the estate. Payable out of the partnership assets, these costs were to be borne by those who had the legal ownership of the partnership assets. There was no owner of them except the plaintiffs' surviving partners. The representatives of the decedent's estate had no legal relation to these assets. They had but the

right to an account from the surviving partners and to a payment of such sums as should appear due to the estate upon such account. The expenses of litigating that account might have been imposed upon the estate in part, but this was not done. Moreover, the judgment provided for the full payment to the executors of $31,000. Had the decretal purpose been to make the estate pay any part of the costs, a sane and ordinary form of judgment would have provided for the payment of the sum named, less the designated portion of the costs. The judgment is best understood in the light of the provision that if the $31,000 be not paid the partnership real estate shall be sold and its proceeds devoted to paying not only the $31,000, but the costs awarded by the judgment. A judgment which imposed the costs wholly upon the surviving partners in the case of a sale must have intended the same imposition if the sale did not become necessary.

Let decree be presented accordingly.

Decreed accordingly.