income. There is no specific direction in the will that this compensation should be paid from income—it is as executors they are directed "to be paid out of my estate"—and, while this apportionment may not be accurate, an exact computation being impossible from the accounts submitted, this adjustment will afford some relief to the life tenants until their trust fund is assembled.

The ordinary legal expenses of accounting may be charged to income.

The miscellaneous expenses to which objection is made, all items relating to the sale of real estate, brokers' commissions, surveys, mortgage tax, and recording fees, will be charged against principal.

The allowances made to special guardians are not proper charges against the income account, and will be charged to principal; that being the only part of the estate in which the infants have an interest.

A decree will be entered, modifying the accounts of the executors and trustees as herein directed. All other objections to the accounts are overruled.

Decreed accordingly.

---

(68 Misc. Rep. 278.)

### In re KINGS COUNTY TRUST CO.

#### (Surrogate's Court, Kings County. June, 1910.)

WILLS (§ 684*)—DISTRIBUTION OF PERSONALTY—TRUST IN FAVOR OF WIDOW —RIGHT TO INCOME.

> Where a trust in personalty is created by will for benefit of testator's widow during her life, she is entitled to the income thereof from testator's death, in the absence of a contrary intent appearing in the will.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1625; Dec. Dig. § 684.*]

Proceeding for settlement of the account of the Kings County Trust Company, as executor of William Howard. Payment of income of trust to widow decreed.

George V. Brower, for executor.

Lyon & Smith (Edward P. Lyon, of counsel), for widow.

KETCHAM, S. There was a gift in trust of $32,000, to pay the income thereof to the widow "for and during her natural life." While, practically, a trust fund may not be released from the burdens of administration until the expiration of a year or more after the grant of letters, yet in the vision of the law the trust is in progress from the testator's death, unless a contrary intent is apparent in the will. If this were not so, the time when the income should become payable would be subject to the caprice or neglect of executors or casual delays in the probate. Hence the income which accrues between the death and the time when in the convenience of events the trust fund is actually separated from the possession of the executors as such is payable to the beneficiary, unless a contrary intent appears in the will.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013; Bank of Niagara v. Talbot, 110 App. Div. 519, 96 N. Y. Supp. 976; Matter of Harris, 61 Misc. Rep. 563, 116 N. Y. Supp. 270.

It has not been possible to discern in the will or codicil here presented any purpose that the widow should not receive the income from her husband's death, and it should be paid to her.

Decreed accordingly.

---

(68 Misc. Rep. 283.)

### In re McCARTY'S WILL.

(Surrogate's Court, Kings County. June, 1910.)

COURTS (§ 202*)—SURROGATE'S COURT—SETTLEMENT OF CASE—RULINGS ON FACTS AND CONCLUSIONS OF LAW.

    Under Code Civ. Proc. § 2545, a Surrogate's Court may make findings of fact or rulings on questions of law on request therefor, on settlement of a case on appeal, at any time before the case is certified by the judge's signature.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 202.*]

In the matter of the probate of the last will of Sara A. McCarty. Decree rendered.

See, also, 124 N. Y. Supp. 1120.

John C. Judge, for the motion.

Everett Greene (Charles H. Beckett, of counsel), opposed.

KETCHAM, S. It is provided that, in this court:

"Either party may, upon the settlement of a case, request a finding upon any question of fact, or a ruling upon any question of law." Code Civ. Proc. § 2545.

The proposed case has been presented, with the amendments proposed thereto, and the amendments and the case have been marked according to the disposition intended by the court. Thereafter the appellants request findings upon questions of fact and rulings upon questions of law. It is contended by the respondent that such requests cannot be considered.

This argument can only prevail if it can properly be said that the case on appeal was settled before the requests were made. The mere disposition of amendments or the correction of the case upon its face is not the settlement. Strict practice—and this is a case for strictness—requires that the case in its final form shall be certified as settled by the judge's signature.

The requests have been passed upon.

Decreed accordingly.