In re WEATHERBEE'S ESTATE.

(Surrogate's Court, New York County. November 4, 1913.)

1. TAXATION ⬤⟿895—TRANSFER TAX—VALUE OF GOOD WILL—PROFITS.

In determining the value of the good will of a business for transfer tax purposes, it was error to add to the average annual net profits of the business, exclusive of interest on capital, before multiplying the amount by the number representing the number of years thought by the appraiser to be reasonable, a sum which was the interest on capital invested in the business by the representatives of retired partners.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⬤⟿895.]

2. TAXATION ⬤⟿895—TRANSFER TAX—VALUE OF GOOD WILL—PROFITS.

Where, in proceedings to determine the value of the good will of a business for transfer tax purposes, it appeared that the business had been conducted under one name for more than 30 years transacting a large volume of business, had an established reputation, was located in a prominent part of the city, and enjoyed the advantages derived from extensive advertising, its favorable location, and a long course of successful business dealings, a conservative estimate of the value of the good will would have been a sum which at 10 per cent. per annum would produce the average annual profits, exclusive of interest on capital.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⬤⟿895.]

3. TAXATION ⬤⟿895—TRANSFER TAX—VALUE OF GOOD WILL—DEDUCTION OF COMMISSIONS.

In determining for transfer tax purposes the value of the good will of a business conducted by decedent, the appraiser should have deducted commissions claimed by the executors on the value of decedent's interest in the business, since it would be necessary for the executors to sell the business before distribution could be made among the legatees.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⬤⟿895.]

In the matter of the estate of Edwin H. Weatherbee. From an order fixing transfer tax, the executors and the state comptroller appeal. Reversed, and appraiser's report remitted for correction.

Thompson, Freedman & Cooke, of New York City, for executors.

COHALAN, S. The executors have appealed from the order fixing tax, and allege that the value placed by the appraiser upon the good will of the business conducted by the decedent is excessive, while the state comptroller appeals upon the ground that the appraiser's estimate of the good will is insufficient.

[1, 2] The decedent was the owner of the dry goods business conducted at Broadway, Fifth avenue and Nineteenth street, in the borough of Manhattan, under the name of Arnold, Constable & Co. The evidence adduced before the appraiser shows that the average annual net profits of the business, exclusive of the interest on capital was $15,-733.28. The appraiser added $10,000 to this amount and then multiplied the sum by five; the result being his estimate of the value of

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the good will. As the $10,000 added to the average annual profits was the interest on capital invested in the business by the representatives of retired partners, it did not constitute any part of the net profits, and should not have been included as such in ascertaining the value of the good will. The business has been conducted under the name of Arnold, Constable & Co. for more than 30 years; it transacts a large volume of business; it has an established reputation in the dry goods trade; its principal place of business is located in a prominent part of the city; and it is favorably known to the residents of this city as well as to those of suburban towns. It enjoys the advantages derived from extensive advertising, a prominent and conspicuous location, and a long course of successful business dealings. Its good will, therefore, is relatively much more valuable than that of a business conducted in an obscure location and necessarily catering to a limited number of customers. I am inclined to think that a conservative estimate of the value of the good will would be a sum which at 10 per cent. interest per annum would produce the amount found by the appraiser to be the net average annual profits, exclusive of interest on capital. This would make the value of the good will $157,332.80.

[3] The appraiser also refused to deduct commissions claimed by the executors upon the value of the decedent's interest in the business conducted by him. This was incorrect, as it would be necessary for the executors to sell the business before distribution could be made among the legatees. Matter of Curtiss, 9 App. Div. 285, 37 N. Y. Supp. 586, 41 N. Y. Supp. 1111; McAlpine v. Potter, 126 N. Y. 285, 27 N. E. 475.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.