In the Matter of the Estate of ARTHUR T. MART, Deceased.

Surrogate's Court, Kings County, March 19, 1931.

*Donovan & Horowitz [James G. Donovan* of counsel], for the executors.

*William A. Ryan,* special guardian for Arthur T. Mart, Jr., an infant.

WINGATE, S.   Two questions are presented for determination on this accounting: *First,* whether the terms of the will are such as contemplate action by the testamentary fiduciaries in two distinct and separate capacities so as to entitle them to full commissions both as executors and trustees, and *second,* whether a cash dividend paid on certain stock on July 24, 1930, from surplus accumulated prior to the death of the testator is to be treated as principal or income.

It is obvious that the testamentary directions respecting the property to be presently retained by the fiduciaries fall within the definition of classification 7-b of the rules deduced in *Matter of Abrahams* (136 Misc. 538, 545) and that the executor trustees are, therefore, entitled only to a single commission thereon.   (*Matter of Abrahams,* 136 Misc. 538; *Matter of Jackson,* 138 id. 167; *Matter of Rappold,* Id. 163; *Matter of Galloway,* 139 Misc. 183.)

The rules respecting allocations of dividends to principal where

they intrench upon the capital and surplus of the corporation as existing at the time of testator's decease (*Matter of Osborne,* 209 N. Y. 450; *Bourne* v. *Bourne,* 240 id. 172; *Matter of Frothingham,* 138 Misc. 243), apply only in the absence of express or reasonably discernible testamentary directions to the contrary. (*Matter of Crouse,* 244 N. Y. 400, 404; *Cammann* v. *Bailey,* 210 id. 19, 30; *Matter of Hughes,* 225 App. Div. 29, 30; affd., 251 N. Y. 529; *Matter of Gorra,* 135 Misc. 93, 95, and cases cited.) In the instrument at bar, the testamentary gift to the life tenants expressly includes " dividends, stock dividends, rights or warrants." It seems apparent to the court that this phrase clearly demonstrates the intention of the testator to beneficially vest in the life tenants all payments and returns upon the stock whether of an ordinary or extraordinary nature. As limited by the later words, his intention is manifest to use the word " income " from the standpoint of the fiduciary rather than that of the corporation and to include in that classification all that *comes into* the hands of the executor trustees during the continuance of the trust. It follows that, in the opinion of the court, the allocation of the dividend in question to income and not to principal was correct. This conclusion is reinforced by the fact that such income was the chief reliance for support of testator's wife and of the son whom the will treats as on the verge of incompetency and who has since his death been so declared.

Proceed accordingly.