In the Matter of the Estate of BELLE J. STEWART, Deceased.

Surrogate's Court, Kings County, May 13, 1931.

*Wingate & Cullen*, for the executor.

*Clark, Reynolds & Hinds* [*Leonard J. Reynolds* of counsel], for Caroline Harding, respondent.

WINGATE, S. "An examination of the cases in which double commissions have been allowed will show that they were exceptional in their nature and contained provisions distinctly and definitely pointing to a holding by trustees as such after the duties of the executors were completed and ended." (*McAlpine* v. *Potter*, 126 N. Y. 285, 290.)

In the case at bar, the will after a number of general and specific bequests, directed:

" *Nineteenth.* All the rest, residue and remainder of my estate I give, devise and bequeath to my executors in trust nevertheless to invest the same and collect and pay over the income thereof to Caroline Harding named in Paragraph Seventeen during her life, and at the termination of the trust estate to the Young Womens Christian Association of Chicago, Ill., as a Memorial to Florence M. Johnson."

What are the obligations of the fiduciary under this direction? They are obviously (1) to pay over to the association, on the death of Caroline Harding, the sum left in the estate after satisfaction of debts and prior benefactions, and (2) to pay over the income which may be received on that fund between the time of the death of the testator and the death of Caroline Harding. (*Cooke* v. *Meeker*, 36 N. Y. 15, 22; *Matter of Stanfield*, 135 id. 292, 294, 297; *Bank of Niagara* v. *Talbot*, 110 App. Div. 519; affd., 184 N. Y. 576; *Matter of Harden*, 177 App. Div. 831, 838; affd., 221 N. Y. 643; *Matter of Jackson*, 138 Misc. 167, 175.)

" It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty that the payment of the principal is postponed and the income made payable annually in the meantime. A trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office." (*McAlpine* v. *Potter*, 126 N. Y. 285, 289.)

Incorporating the provisions of the will at bar into this quotation we have the following, in substance: It is the duty of the executor, *as such*, to pay to the Young Women's Christian Association of Chicago, Ill., the residue of the estate on the death of Caroline Harding, and it does not change that duty that the payment of the principal is postponed and the income made payable annually (to Caroline Harding) in the meantime. A trust duty is thus imposed upon the executor which thereby becomes and is made a function of its office.

" Taking the adjudged cases together, they appear to establish that, to entitle the same persons to commissions as executors and trustees, the will must provide, either by express terms or by fair

intendment, for the separation of the two functions and duties, one duty to precede the other and to be performed before the latter is begun, or substantially so performed; and must not provide for the coexistence, continuously and from the beginning, of the two functions and duties." (*Johnson* v. *Lawrence*, 95 N. Y. 154, 162.)

" By the residuary direction in the case at bar what is the fiduciary to do?  It is to hold the portion of the net estate not required for payment of prior benefactions and pay the income thereof to " Caroline Harding " for life, if " she " be living, and upon " her " death pay over the principal fund to " Young Women's Christian Association. " Obviously, the latter direction is not determinative of whether or not action in a dual capacity is intended, since a direct gift with payment only, postponed, is merely a remainder which by no means involves the creation of a trust estate to establish its validity.  (Real Prop. Law, § 38; *Matter of Ziegler*, 218 N. Y. 544.)

" The trust must, therefore, arise, if at all, from the requirement that the fiduciary hold the principal and make payment of its income to " Caroline Harding " during " her " lifetime.  But this is no new obligation arising at a time subsequent to the completion of the purely executorial duties.  The executor must hold the corpus of the estate from the moment he qualifies in that capacity and " Caroline Harding " is entitled to receive the income earned by the portion of the estate dedicated to " her, " from the date of the death of the testator; and the executor, as such, is under a corresponding duty to pay it to " her. (*Matter of Jackson*, 138 Misc. 167, 175, paraphrased to correspond to the facts of this case.)

" As a trust duty it sprang into life at the same instant with the executorship, and inextricably blended with it." (*Johnson* v. *Lawrence*, 95 N. Y. 154, 163.)

In all the authoritative determinations in this State wherein this or related questions have arisen, it has been determined that the executor did not act in a dual capacity, and double commissions have been denied. (*Hall* v. *Hall*, 78 N. Y. 535, 540; *Johnson* v. *Lawrence*, 95 id. 154, 164; *McAlpine* v. *Potter*, 126 id. 285, 289, 290; *Matter of Slocum*, 169 id. 153, 159, 160; *Matter of Ziegler*, 218 id. 544; *Matter of Clinton*, 12 App. Div. 132, 137; *Matter of Hogarty*, 62 id. 79; *Matter of Hogeboom*, 219 id. 131, 138.)

This settled law apparently represents the legislative policy of the State, as it has been provided since 1880 that for an executor to be classed as a testamentaty trustee and become, in consequence, entitled to a commission in that capacity under section 285 of the Surrogate's Court Act, and its forerunners, he must demonstrate that " he is acting in the execution of a trust created by the will,

*which is separable from his functions as executor or administrator.*" (Surr. Ct. Act, § 314, subd. 6.)    (Italics not in original.)

It is clear to the court that such condition does not prevail in cases of this type and that double commissions are, therefore, not permissible.

It is realized that this decision is redolent of the pastepot and suggestive of the free use of shears.    It must of necessity be so, since in view of repeated authoritative determinations binding on this court, the principle of *stare decisis* applies.    The views herein expressed are not new and have been emphasized and reiterated by this court on numerous occasions.    Some of the former opinions have been written in an effort to demonstrate not only that this was the law, but that it was far from clear that such law did not conform to the highest dictates of public policy.    (*Matter of Jackson,* 138 Misc. 167; *Matter of Rappold,* Id. 163.)    However this may be, and reasonable men may well differ on the subject, this court is firmly convinced from its study of the twenty-two controlling decisions on the subject, analyzed in *Matter of Abrahams* (136 Misc. 538), that the rules therein deduced (pp. 544–547) are a statement of the principles controlling the courts of first impression of this State in the decision of such questions.

For the reasons stated in *Matter of Abrahams* (136 Misc. 538); *Matter of Jackson* (138 id. 167) and *Matter of Rappold* (Id. 163), as well as those given above, it is determined that the trust functions of the executor in this case overlapped its executorial duties and that it is, therefore, entitled only to a single commission on the principal ultimately payable to the Young Women's Christian Association, one-half of which commission may be retained at this time; the balance to become due when final payment is made.

In a separate proceeding, the National City Bank of New York has asked permission to turn the assets of the estate over to the City Bank Farmers Trust Company for further administration pursuant to the terms of the will.    It has been represented to the court that these two corporations, while legally distinct, are in practical essence a single entity as a result of stock control, and that the business of estate administration controlled by the former is, so far as possible, being segregated with the latter for the purpose of promoting efficiency in its conduct.    In several instances in the past this court has granted like applications where the interested parties consented.    Obviously such permission is a matter of favor and not of right.    In the absence of objection the court feels itself privileged to raise the corporate veil shrouding the two institutions and determine that their affiliation and control makes them really one.    Naturally such consent by the court cannot be granted in cases

in which any possible detriment to the estates involved might ensue. In the case at bar the court can see no such possibility on the understanding, which has been stipulated, that the City Bank Farmers Trust Company will seek no compensation other than that which would have been payable to the National City Bank of New York, had it continued to act as fiduciary. The application is, therefore, granted on the condition that said City Bank Farmers Trust Company shall receive and continue to hold the assets of the estate in the same capacity in which it is herein decided that the National City Bank of New York would have continued to hold them.

Proceed accordingly.