In the Matter of the Estate of JOHN SCHLIEMANN, Deceased.

Surrogate's Court, Kings County, May 15, 1931.

*Wingate & Cullen,* for the National City Bank of New York.

*John T. Brennan,* special guardian for George Lohman and others.

WINGATE, S.  This is an application by National City Bank of New York for the intermediate judicial settlement of its accounts as fiduciary under the will of John Schliemann, who died on November 14, 1911.  This document was admitted to probate in this court on December 14, 1911, and the Peoples Trust Company, the executor therein named, duly qualified as such.

By the " fourth " item of his will testator gave the residue of his estate to the Peoples Trust Company, the executor, in trust for the lives of his sons Julius and John, directing that a sufficient

portion of the fund be set aside to create an annuity of $2,000 a year for the life of his wife, Catherine, and an additional sufficient sum be set aside to create an annuity of $600 for his son August. He directed that during the continuance of the trust the balance of the income should be divided equally among his sons Julius and John and his daughter Anna. The direction respecting the remainder, which has gone into effect, was that if Catherine and August died prior to the termination of the trust period, the income should be paid *in toto* in equal parts to Julius, John and Anna, and on the termination of the trust the principal should be paid over in equal parts to testator's children or their issue *per·stirpes*, or in default of such issue to testator's other children or the issue of such as had died leaving issue.

On March 7, 1913, a decree was entered settling the executorial accounts of the Peoples Trust Company, awarding it commissions as such, and directing it to transfer to itself as trustee the principal funds applicable to the residuary direction.

August died on September 29, 1914, at which time the trustee obtained a judicial settlement of its account, the decree being entered on October 7, 1915. At that time it received commissions on principal, as trustee, aggregating $320.

Catherine died on June 8, 1917, and the trustee obtained a further decree settling its accounts in this respect on November 13, 1917. On this occasion no commissions were applied for or awarded.

The application at this time contemplates the awarding to the fiduciary of one-half commissions for receiving as trustee, in so far as they were not paid by the $320 awarded by the decree of October 7, 1915.

At the time of the settlement of the accounts of the executor by the decree of March 7, 1913, the widow and all of testator's children were made parties to the proceeding, and at such time there were no issue of any of such children in being. At the present time there are a number of such issue, for whom a special guardian has been appointed in this proceeding. This special guardian opposes the awarding of·the commissions prayed by the fiduciary on the ground that the terms of the will are such as to contemplate a continued holding by the executor as such during the trust period.

There cannot be any question but that the provisions of the will fall within the rule designated " 7-b," adduced at page 545 of *Matter of Abrahams* (136 Misc. 538), so that had the question not been previously adjudicated, the court would concur with the position of the special guardian.

As stated, however, the accounts of the executor were settled by decree of March 7, 1913, and it was directed to turn over the

fund to itself as trustee. Wherefore, if such decree is a binding determination, the principle designated " 10 " on page 546 of *Matter of Abrahams* becomes applicable.

The special guardian contends that as his wards were not in being and consequently not made parties to the proceeding in 1913, the question cannot be *res adjudicata* as to them. The only authority cited by him for this position is *Matter of Ziegler* (218 N. Y. 544), which obviously does not sustain his contention, since the point there raised concerned merely the question of whether assent by a living party to the entry of a certain specified decree could be construed as an assent to a materially different decree subsequently entered.

There is, however, no dearth of authority on the subject. Perhaps the leading case is *Kent* v. *Church of St. Michael* (136 N. Y. 10). The question there presented was whether a decree to which all living interested persons were parties was binding on the afterborn remaindermen of the trust in question, who were their issue. In determining that it was the court said (at p. 17) : " Where an estate is vested in persons living subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto and affecting the jurisdiction of the courts to deal with the same, represent the whole estate, and stand not only for themselves, but also for the persons unborn. This is a rule of convenience, and almost of necessity."

Like results have been attained in a long line of cases, prominent among which are *Kirk* v. *Kirk* (137 N. Y. 510, 515); *Tonnele* v. *Wetmore* (195 id. 436, 445, 446); *Newton* v. *Hunt* (134 App. Div. 325, 333; affd., 201 N. Y. 599).

It must be entirely apparent that the determination of the question whether the fiduciaries in a particular will act in a dual capacity or not, is a question of construction, a determination of which, as this court has frequently remarked, is one *quasi in rem*. The interests of the parties who were before the court at the time of the entry of the decree of March 7, 1913, included and were in entire accord with those of the persons represented by the special guardian, and they must, therefore, be held to have represented the unborn with the result that the decree is *res adjudicata* as to the latter.

There is no contention by the trustee in the case at bar that it is entitled to more than a single commission on receiving the entire trust fund less the amount of commission already received, and in view of the former adjudication as to the capacity of holding, it is clearly entitled to such relief at the present time; the one-half

commission for paying out to become due and payable upon the complete termination of the trust and the payment over of the fund to those entitled in possession. (*Matter of Coutts*, 140 Misc. 93.)

In connection with its petition for intermediate judicial settlement, the fiduciary has requested the privilege of turning over the further administration of the trust to its affiliate, City Bank Farmers Trust Company.

This application will be granted for the reasons given and upon the terms stated in *Matter of Stewart* (140 Misc. 155).

Proceed accordingly.