In the Matter of the Estate of ROBERT WILDER BUSH, Deceased.

Surrogate's Court, Kings County, July 31, 1939.

*Shearman & Sterling [Gerard T. Shevlin of counsel]*, for the executor, petitioner.

*Cyrus S. Julien,* special guardian for infant contingent remainderman.

WINGATE, S. Except for the nomination of a fiduciary to effectuate his wishes, the sole purpose of a will is to indicate the

intention of the testator respecting the disposal of those assets over which he possesses the authority for devolutionery direction. Naturally, a testator expects that his fiduciary will be paid for the service which he will be called upon to render in consummating the transfer of title to the assets which he possessed at death to the person or persons whom he has selected as the successors to his ownership. The present proceeding propounds the perennial problem as to whether the testator shall be deemed to have contemplated a dual remuneration for this single service.

As has been stated on innumerable occasions (*McAlpine* v. *Potter*, 126 N. Y. 285, 289; *Matter of Schliemann*, 259 id. 497, 503; *Matter of Jackson*, 138 Misc. 167, 169; *Matter of Mann*, 145 id. 360; *Matter of Quinlan*, 147 id. 483, 484; *Matter of Gregory*, 150 id. 610, 611), this will depend on the intention of the testator as discoverable from the terms of his will. If express statement is absent, the question presented is whether the composite directions are such as to raise an irresistible inference that he anticipated that dual exactions by way of principal commissions would be payable.

In determining whether or not such intention is necessarily imputable to a testator, it is to be borne in mind that " an examination of the cases in which double commissions have been allowed will show that they were exceptional in their nature and contained provisions distinctly and definitely pointing to a holding by trustees as such after the duties of the executors were completed and ended." (*McAlpine* v. *Potter*, 126 N. Y. 285, 290; *Matter of Galloway*, 139 Misc. 183, 187, 188; *Matter of Stewart*, 140 id. 155, 156; *Matter of Quinlan*, 147 id. 483, 484.)

The question thereupon arises as to the nature of the " exceptional " testamentary demonstration which will warrant a double payment for the single service of transmitting the property of the dead to the ownership of the living. This has repeatedly been stated by all courts, perhaps nowhere more clearly than in *McAlpine* v. *Potter* (126 N. Y. 285, 289), which states, " Both cases agree in the rule that double commissions to the same persons, first in the character of executors and then in that of trustees, are to be awarded only when the will contemplates a several and separable action in each capacity, not at the same but different stages of the administration, and that they are not to be allowed where the will makes no such separation, but blends the two duties and commingles them without a severance. To the ordinary duties of an executor may be added the performance of a trust in such a manner that the two functions run on together. It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty

that the payment of the principal is postponed and the income made payable annually in the meantime. A trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office."

Applying this test to the directions of the present will, two dispositive directions only are contained therein. The first specifically bequeaths the testator's personal effects to his wife. The second gives the balance of his estate to his fiduciaries *nominatim*, in trust to pay the principal outright, on the death of his wife, to certain named or described persons, and to pay the income to his wife in the interval.

Does this direction contemplate a separation of the duties of executor and trustee with " one duty to precede the other and to be performed before the other is begun, or substantially so performed," as is required by *Johnson* v. *Lawrence* (95 N. Y. 154, 162) and all other pertinent authorities? The answer is obviously in the negative. The duties of the executor begin with the moment of death. The trust duty, to pay the income to the widow, however, also arises at the same moment. (*Cooke* v. *Meeker*, 36 N. Y. 15, 22; *Matter of Stanfield*, 64 Hun, 277; affd., 135 N. Y. 292, 294, 297; *Bank of Niagara* v. *Talbot*, 110 App. Div. 519; affd., 184 N. Y. 576; *Matter of Harden*, 177 App. Div. 831, 838; affd., 221 N. Y. 643; *Matter of Jackson*, 138 Misc. 167, 175.) It follows, therefore, that the inception of the trust duty is simultaneous with that of the commencement of the executorial function.

*Johnson* v. *Lawrence* (95 N. Y. 154, 162) expressly states that dual commission may not be awarded in situations in which the will provides " for the co-existence, continuously and from the beginning, of the two functions and duties." Unless, therefore, this express injunction were to be repudiated or ignored, neither of which courses this court is prepared to adopt, commissions in dual capacities may not be awarded under a testamentary plan such as is here disclosed in the absence of a wholly unequivocal expression of testamentary intention to that effect, which is here absent. (*Matter of Abrahams*, 136 Misc. 538, 545 [deduced rule 7-c]; *McAlpine* v. *Potter*, 126 N. Y. 285, 289; *Matter of Slocum*, 169 id. 153, 159, 160; *Matter of Clinton*, 12 App. Div. 132, 137; *Matter of Hogeboom*, 219 id. 131, 138; *Matter of Mart*, 139 Misc. 558; affd., 237 App. Div. 840; *Matter of Morin*, 136 Misc. 823, 824; *Matter of Rappold*, 138 id. 163, 164; *Matter of Jackson*, Id. 167, 177; *Matter of Galloway*, 139 id. 183, 189; *Matter of Quinlan*, 147 id. 483, 484; *Matter of Gregory*, 150 id. 610, 615, 616.)

The objection of the special guardian to the payment of double commissions is, consequently, sustained.

Enter decree on notice in conformity herewith.