## CHARLES O. SHEPARD, EXECUTOR OF JOSEPH JOHNSON, v. HORACE S. PARKER AND HUGH STEELE.

*Evidence—Impeachment—Admissions.*

That a married woman should hang out signals to a man for clandestine meetings, is an impeachment of her general character.

Upon a trial where the question is whether a certain note was given in compromise of a charge of rape, and the person upon whom the offence was alleged to have been committed gives testimony tending to show that it was given in settlement of civil damages only, it is competent to ask her if she did not admit, on the trial of the indictment against Austin for the alleged rape, that she wrote him a letter, in which she admitted that she hung out signals on a cherry-tree to induce him to come to her house. Such acts are proper for the consideration of a jury in estimating the character of the witness.

THIS is an action upon a promissory note for· $100, dated August 14, 1861, given to Polly Plucker or bearer, payable six months after date. The defence to the note was upon the ground that it was given in settlement of a criminal prosecution, to wit, of a rape. The claim upon the other side was, that the note was given in settlement of the private damages only. The jury found in favor of the Defendants. The General Term of the Eighth District reversed the judgment, on the ground of the admission of illegal evidence. The Defendants appeal from that judgment to this Court, stipulating that judgment absolute may be entered against them if the said order of reversal be affirmed.

*H. L. Comstock* for the Appellants.

*L. Spring* for the Respondent.

HUNT, J.—The Court below disregarded the objections of the Plaintiff, except in a single particular. Concurring in its opinion in regard to the other points, I will examine the question upon which a new trial was ordered.

The question of fact before the jury was, whether the note in suit was given in settlement and compromise of the charge of a rape, alleged to have been committed by one Austin upon the person of Mrs. Plucker. The evidence of the Defendants was

closed, and Mrs. Plucker was called by the Plaintiff, and gave evidence tending to show that the note was not given in settlement of the criminal offence. Upon cross-examination, she was asked if she had not frequently written letters to Austin, the alleged offender. This was objected to as immaterial, the objection overruled, and she answered that she had not. The Defendants' counsel then asked her if she did not admit, on the trial of the indictment against Austin for the alleged rape, that she wrote him a letter, in which she admitted that she hung out signals in a cherry-tree to induce him to come to her house. Upon the objection being made that this evidence was immaterial, the Court decided that the same could only be received for the purpose of impeaching the witness. The counsel then further objected that the witness could not be impeached by proving specific acts, and, secondly, that the evidence offered would be no impeachment of the general character of the witness. The Court overruled the objection. The counsel excepted, and the witness answered that she partially admitted it; she did not then understand it.

This evidence was competent for the purpose of impeaching the witness. It is the constant practice at the Circuit to inquire of a witness if he has not been guilty of a specific offence, for the purpose of impeaching him. It is usually a satisfactory test. If a man admits himself to have been guilty of heinous offences, the jury would justly give him less credit than if his life had been pure and his conduct upright. If a female witness admits herself to have broken down those barriers which the virtue and religion of every civilized country have reared for her improvement and protection, her oath would be of little value before a jury of intelligent men. This practice is uniform, and fully sustained by the authorities (G. W. Turnpike Co. v. Loomis, 32 N. Y. 127; The People v. Le Beau, 36 id. 223).

The protection against its abuse is twofold: first, in the privilege of the witness to refuse to answer, and, second, in the discretion of the Judge. In the present case the witness was placed in a position where her own character was necessarily involved. She had testified on the trial of Austin for the alleged offence of

a rape upon her person. We may assume that her testimony tended to sustain the charge, as a prosecution could not well be carried on without it. For the purpose of impairing the effect of her testimony, she was inquired of if she had not admitted that she had made signals to him upon the cherry-tree to induce him to come to her house. She admitted that she had. Her testimony and its weight upon a contested question were now again before the jury, and the point was made, that, being a married woman, making a charge against Austin of having ravished her person, she could not deny that she had made him these clandestine communications. I think it was a depreciation of her character that might justly have been considered by the jury. She did not claim her privilege. The Judge did not think it necessary to interfere, but in his discretion deemed the question proper. An examination of the first case I have cited will show numerous instances where the Judge, in his discretion, has admitted the degrading evidence, and the decision has been sustained on appeal.

I think the judgment of the General Term, ordering a new trial, should be reversed, and the judgment of the Circuit affirmed.

Affirmed.

WRIGHT, GROVER, and SCRUGHAM, JJ., not voting.

JOEL TIFFANY,
State Reporter.