KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— October, 1881.

## HARWARD *v.* HEWLETT.

*In the matter of the judicial settlement of the account of* WILLIAM M. HEWLETT, *executor, etc., of* SARAH HAYRE, *deceased.*

The testator, by his will, gave to his granddaughter, an infant, a legacy of $1,000, to be paid to her at majority; in case she died in infancy, one-half of that sum to go to her mother. He bequeathed the residue of his estate to a nephew. The granddaughter claimed to be entitled to interest on her legacy until her majority. There was no evidence that testator had assumed the relation of a parent towards her. *Held,*

1. That the testator being neither the father of, nor one *in loco parentis* to the legatee, she was not within the exception which allows, in such cases, where the will makes no provision for the infant's support, interest on a legacy before the time when the latter becomes payable.

2. That interest on the $1,000, during the legatee's infancy, belonged to the residuary estate.

The costs of an accounting by an executor, etc., have no place in the account *filed in that proceeding,* as they must first be fixed by the decree. Charges for counsel fees, paid on the accounting, should be separately stated, and accompanied with an affidavit showing conformity to Code Civ. Pro., § 2562.

APPLICATION by executor, for the judicial settlement of his account, and for distribution of the surplus in his hands. Isabella Harward, an infant legatee, and others, were cited and appeared on return of the citation.

The account contained a charge of $75 for expenses of final accounting and services rendered to the executor by his attorneys.

The testator, by his will, gave to his granddaughter all his clothes, bed and bed-clothes, and a legacy of $1,000, to be paid to her at the age of twenty-one years ; but, in case she should die before arriving at that age, he gave to her mother, from that money, the sum of $500. All the rest and residue of his property he gave to his nephew, Moses J. Hendrickson.

The granddaughter, an infant, claimed, by her special guardian, that she was entitled to interest on her legacy until she attained the age of twenty-one.

MORRIS & PEARSALL, *for executor.*

C. J. MORITZ, *special guardian for infant legatee.*

THE SURROGATE.—As a general rule, a legacy only draws interest from the time it becomes payable, unless it is otherwise expressed in the will.

To this rule there are several exceptions, and one is

where the testator was the parent, or stood in the rela-
tion of parent, to the legatee, and such legatee is an
infant, and has no other provision nor any maintenance,
in the meantime, allotted by the will. The rule is based
upon the presumption that the testator, in such case,
must have intended that the legatee should in the mean-
time be maintained at his expense, thus discharging his
moral obligation or carrying out his benevolent design
(Brown *v.* Knapp, 17 *Hun*, 160 ; 79 *N. Y.*, 136, 141 ;
*Wms. on Ex'rs.* [2d ed.], 1538, 1539).

In the principal case, the testator was not the father
of the legatee, and there is nothing to show that he had
assumed the relation of a parent towards her ; the case
is not therefore brought within the exception to the
general rule above referred to.

The legatee having no claim to the interest accruing
on her legacy while she remains an infant, it belongs to
the residuary legatee, who is entitled to all personal
property, including all interest made on the estate, not
disposed of by the will ( *Wms. on Ex'rs.* [2d ed.], 1568 ;
McLoskey *v.* Reid, 4 *Bradf.*, 334, 339, 340).

The vouchers must be filed, before the disbursements
charged in the account can be allowed, and the *costs* of
this accounting have no place in the account, as they
must first be fixed and allowed by the decree. If any
charge is made for *counsel fees* paid in this proceeding,
it should be separately stated, so that the court may
judge whether it exceeds the limit fixed by section 2562
of the Code ; and there should be proof by affidavit of the
number of days necessarily occupied in preparing the
account for settlement, which, in this case, judging from

an inspection of the account, cannot probably exceed one day.

Decreed accordingly.