---

(30 Misc. Rep. 31.)

### In re BRENNER.

(Surrogate's Court, New York County. December, 1899.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—FINAL SETTLEMENT.

Code Civ. Proc. § 2728, as amended by Laws 1895, c. 426, authorizes the settlement of accounts of executors and administrators (1) where a year has elapsed since the granting of letters, and (2) before the expiration of a year, and after the lapse of six months, where publication for claims has been made. Section 2743, as amended by Laws 1898, c. 565, requires the distribution of an estate as the result of an accounting, and provides, in effect, that no distribution shall be effected in an accounting begun, under subdivision 2 of section 2728, in any case other than that of an administrator of an intestate. *Held*, that an executor's accounts cannot be judicially settled, and a distribution decreed, before the expiration of one year from the issuance of letters testamentary, though all the beneficiaries under the will and the next of kin and heirs of the decedent consent thereto.

In the matter of the estate of Robert Buck, deceased. Application by Theophilus A. Brenner, executor, for the judicial settlement of his accounts and a distribution of the estate. Denied.

Stitt & Phillips, for executor.

FITZGERALD, S. Letters testamentary were issued upon the will of the decedent on the 15th day of March of this year. The executor has completed the publication of the usual notice for the presentation of creditors' claims, and he now submits a petition for the judicial settlement of his accounts. It is accompanied by a decree for the settlement of his accounts and the distribution of the estate, and by waivers of the issue and service of citation, and the consents to the entry of the decree, signed, seemingly, by all the parties entitled to take under the will of the decedent. The will disposes of all of testator's estate. It is claimed that the parties signing the consents and waivers, besides being all the beneficiaries under the will, are also all the heirs and next of kin of the decedent. The question arises whether, under the provisions of law now in force, the accounts of the executor can at this time be judicially settled, and a distribution of the estate effected. Section 2728 of the Code of Civil Procedure, prior to its amendment by chapter 426 of the Laws of 1895, permitted an executor or administrator to apply for the judicial settlement of his accounts after, but not before, the expiration of one year since letters were issued to him. By the amendment, it is, in substance, provided that an

executor or administrator may present to the surrogate's court his account, and a written petition, duly verified, praying that his account may be judicially settled—First, where a year has elapsed since the granting of letters; second, where notice requiring all persons having claims against the · deceased to· exhibit the same, with the vouchers thereof, to such executor or administrator, has been duly published according to law. The section, as amended, further declares that, upon the presentation of the account and petition, the surrogate must issue a citation accordingly. The no- tice mentioned in the second subdivision of the section is that which an executor or administrator is authorized by section 2718 of the Code of Civil Procedure to publish once in each week for six months, requiring persons having claims against the decedent to exhibit them to his representative. At the time of the adoption of the amendment mentioned, section 2743 provided for a distribution of the estate as the result of the accounting in either a testate or an intestate estate by the decree which settled the accounts of an ex- ecutor or administrator, and this section remained unchanged in this regard until the enactment of chapter 565 of the Laws of 1898, hereinafter referred to. The object of the amendment evidently was to authorize the settlement of the accounts of executors and administrators, and the distribution of the estates which they repre-· sent, before the expiration of a year, and after the lapse of six months from the issuing of letters in the case where the publica- tion for claims above referred to had been made. In effecting this object, the important circumstance seems to have been lost sight of, that the law in other respects affecting the administration and settlement of decedents' estates, and in its general scheme and poli- cy as disclosed by the statutes and decisions, was, so far as it re- lated to estates to be administered under wills, so entirely incom- patible with the purpose of the amendment as to make the latter, if not of doubtful application, extremely confusing and embar-· rassing in its operation and results. The statutes mentioned—and they have not been repealed, except in so far as the amendment referred to might have had that effect—permit any person interest- ed in the estate of a decedent to commence a proceeding in this court to revoke the probate of a will within a year after the decree pro- bating it has been recorded. They also prohibit the payment of a legacy before the expiration of a year from the time of granting letters testamentary or of administration, unless the will directs its sooner payment; and in such case, as well as where a legacy is ordered to be paid before the expiration of such year, as pro- vided by section 2723 of the Code of Civil Procedure, to obtain the payment a bond for the refunding of the same, in case the probate of the will be revoked or the will be declared void, is provided for. Id. §§ 2647, 2648, 2721, 2723. Besides, the effect of the sec- tion deferring the payment of legacies for the year succeeding the granting of letters is to entitle the residuary legatee to the interest or income of the general legacies during that period. McLoskey v. Reid, 4 Bradf. Sur. 339, 340; Harward v. Hewlett, 5 Redf. Sur. 330. The confusion and uncertainty into which the law and pro-

cedure were thrown by the amendment of 1895 is obvious at a glance from the foregoing. If the amendment operated as a modification of the law existing at the time of its passage, this singular situation is presented: An executor, by the arbitrary or capricious or hostile exercise of the discretion conferred upon him by the amendment, could not only say whether the proceedings to revoke the probate of a will within the time prescribed by the statute and the provisions of law, as to the time of the payment of legacies, should be permitted to effectively operate or not, but, more extraordinary still, could decide by his action whether the residuary legatee should be deprived of the interest or earnings of the general legacies to which the law would otherwise entitle him; in other words, capriciously take property from one and give it to another. To obviate this strange and incongruous condition of things was, I have no doubt, the purpose of the amendment of section 2743 by chapter 565 of the Laws of 1898. That amendment consists of the insertion in section 2743 of the following language:

"In case of administration in intestacy the decree must direct immediate payment and distribution to creditors, next of kin, husband or wife of the decedent, or their assigns, where the administrator has petitioned voluntarily for judicial settlement of his account as and in the case provided in subdivision two of section two thousand seven hundred and twenty-eight of this article."

As the section stood before its amendment, it required a distribution of the estate as the result of an accounting initiated under subdivision 2 of section 2728 by an administrator as well as an executor, so that unless the amendment, which expressly provides for a distribution by an administrator upon such an accounting, is to be treated as confining such distribution to the case of the administrator of an intestate estate, its object would be purposeless, and its effect utterly nugatory. The extremely confusing and incongruous condition of the law at the time of the adoption of the amendment accounts, I think, for its enactment, and, while apter and plainer terms might have been employed to express the legislative intent, still it is reasonably clear that it was such intent that no distribution should be effected in an accounting begun under the subdivision referred to in any case other than that of an administrator representing an intestate. No change corresponding to, or harmonizing with, the amendment of section 2743 was made in section 2728; so that this last section, literally construed, seems to still admit of a petition being filed by an executor under its second subdivision for the judicial settlement of his accounts. To what extent and in what particulars he could settle his accounts in such a proceeding, if it is still maintainable, notwithstanding the amendment considered, is a serious question. In view of what I have concluded to be the effect of the amendment, I should not think that such an account could be so settled and adjusted as to allow as credits payments made by the executor on account of legacies, any more than could a decree in such case be made directing the payment of legacies which had not been satisfied. The circumstance that in the present case it is claimed that beneficiaries under the will, and who all consent to the entry of the decree herein, are the next of

kin and heirs of the decedent, makes no difference, in my judg-ment, in determining whether the decree which has been presented can be lawfully entered. The statutes which have been the sub-ject of consideration are general laws, and, so far as concerns the subjects to which they relate, are intended for general application, and their effectiveness, and the cases to which they pertain, are to. be determined by reference to a consideration of their general scope and purpose. Besides, the right secured to a party interested in the estate of a decedent to maintain a proceeding to revoke the probate of a will within a year after the recording of the decree admitting it to probate is one which a person not a party to this proceeding might, within the period mentioned, attempt to avail himself of under a claim of being interested under another alleged will of the decedent or of being one of his next of kin. The ap-plication for the decree sought herein is denied.

Application denied.