Code, § 2743, as amended in 1898 (Laws 1898, c. 565), provides that, in case of administration in intestacy, the decree must direct immediate payment and distribution where the administrator has voluntarily petitioned for judicial settlement of his accounts. *Held* to limit the distribution to that of an administrator of an intestate estate, and to exclude executors under a will.

**2. SAME.**

A petition by executors for the judicial settlement of their accounts stated that the only person interested in the estate is the sole residuary legatee named in the will, who is also an executor. The petition also named four legatees aside from the residuary legatee and four heirs at law. No waivers by any of these legatees, next of kin, or heirs at law of the issue and service of citation were filed, and one year has not elapsed since the issue of letters of administration. *Held*, that the petition will be denied.

In the matter of the judicial settlement of the accounts of Sarah Lawson and another, executors of Peter Lawson. Application for decree denied.

D. J. Sullivan, for executors.

INGALSBE, S.  Letters testamentary were issued upon the will of the decedent December 3, 1900, to Sarah Lawson and Dennis J. Sullivan. A notice to creditors has been duly published. A petition is now presented by the executors for the judicial settlement of their accounts. It is accompanied by an account and vouchers. A proposed decree is submitted, settling the accounts, directing distribution, and discharging the executors. The petition does not give the name of any of the decedent's next of kin or heirs at law, but states that the only person interested in the estate of said deceased as creditor, legatee, next of kin, or otherwise is the Sarah Lawson who is the sole residuary legatee named in the will. This Sarah Lawson is one of the executors. The vouchers presented show payments of money to four different alleged legatees under the will of decedent. The petition which was filed for the probate of the testator's will names four legatees aside from the residuary legatee, and four heirs at law and next of kin. The will relates to both real and personal estate. No waivers by any of these legatees, next of kin, or heirs at law of the issue and service of a citation herein are presented. It is unnecessary for us to examine further to determine that the petitioners are not entitled to the decree for which they ask. But a still graver question awaits consideration. By an amendment to section 2728 of the Code it was provided by subdivision 2 that an executor or administrator might present his

petition asking that his account be judicially settled when a notice requiring persons having claims against the decedent had been duly published, and it provided further for the issuance thereupon of a citation. At this time the distribution of testate and intestate estates was provided for under section 2743, as the result of the proceeding authorized by section 2728, and no change was made in the former section. In 1898, however, section 2743 was amended, providing:

"In case of administration in intestacy the decree must direct immediate payment and distribution to creditors, next of kin, husband or wife of the decedent, or their assigns, where the administrator has petitioned voluntarily for judicial settlement of his account as, and in the case provided in subdivision two of section two thousand seven hundred and twenty-eight of this article." Laws 1898, c. 565.

The purpose of this enactment is clear. Its plain intent is to limit the distribution in an accounting commenced under subdivision 2 to that of an administrator of an intestate estate. It follows that there can be no decree in judicial settlement entered here of the accounts of these petitioning executors. Could such a decree be entered, it would be subversive of various provisions of the general laws relating to the administration of testate estates. These statutes prohibit the payment of a legacy before the expiration of a year from the time of the granting of letters testamentary, unless an earlier payment is provided for in the will. During this period the residuary legatees are entitled to the interest on the general legacies. More important still, so far as the present case is concerned, these statutes allow any person interested in an estate to revoke the probate of a will at any time within one year. Any one of the four persons who are the next of kin and heirs at law of the decedent has the right, until the 3d of December, 1901, to come into this court, and file a petition to revoke the probate of this decedent's will. Of what value would this right be, after the estate disposed of by the will had been distributed under a judicial decree? It could, perhaps, be followed into the hands of the legatees, but the statute does not contemplate any such contingency. It intends that until the expiration of one year the estate shall remain within the jurisdiction of this court, and in the hands of the personal representatives of the decedent. The amendment of 1898 to section 2743 is conclusive as to this. In re Bronner, 30 Misc. Rep. 31, 34, 62 N. Y. Supp. 1003.

The application for the decree should be denied. Application denied.