(37 Misc. Rep. 177.)

### In re LANSING.

(Surrogate's Court, Dutchess County. February, 1902.)

EXECUTOR—SETTLEMENT OF ACCOUNT.

　　Code Civ. Proc. § 2728, subd. 2, providing that notice to persons having claims against the estate to exhibit the same shall be duly published, and that a coexecutor may obtain a settlement of his account on citation of the other executor, an executor cannot obtain a judicial settlement of his accounts, though he has duly advertised, until one year has elapsed from issue to him of letters testamentary.

Application of J. T. Lansing, executor of J. De Peyster Douw, for final settlement of his accounts. Application denied.

John De Witt Peltz, for petitioner.

HOYSRADT, S. J. De Peyster Douw died January 30, 1901, leaving a will which was admitted to probate in this court, and letters testamentary were issued to J. Townsend Lansing, the executor, April 30, 1901. The executor has made application for the issuance of a citation requiring the parties interested to attend the final judicial settlement of his accounts within one year from the date of letters, basing his application upon subdivision 2 of section 2728 of the Code of Civil Procedure; proof being made of his compliance with the requirements of that subdivision as to the publication of notice to present claims. To grant this application would, in my opinion, be subversive of the general principles and apparent contemplation of the statutes governing the jurisdiction and control of estates passing by wills. If this statute, which establishes no fixed, determinate period, like the first subdivision of section 2728, should be construed as the right of the executor to the final judicial settlement of his accounts six months from the issuance of letters, provided he had advertised for claims, then there is need of legislation to remove its conflict with other statutes, which in positive terms require or contemplate that the estate of a testate shall remain within the jurisdiction of the surrogate for one year. This question has been considered in Re Bronner, 30 Misc. Rep. 31, 62 N. Y. Supp. 1003, where all the parties interested were adults, and consented to the entry of the decree. Surrogate Fitzgerald held that this made no difference, and denied the application. In Re Lawson, 36 Misc. Rep. 96, 72 N. Y. Supp. 645, it was held that an accounting in a testate estate within one year could not be allowed, irrespective of other questions arising on the application.

Both of these applications were denied upon the general principles that testate estates should not be distributed, the representative discharged, and the right to institute proceedings to revoke probate within one year, and the provision that legacies shall not be paid within one year could not be annulled by the exercise of no more than a discretionary authority of the executor. The amendment to section 2728 in 1895 and the amendment to section 2743 in 1898 have so evidently been made without regard to the other provisions referred to, that, in my judgment, it is the wiser policy to disallow applications for final settlement of the accounts of executors within one year while this confusion in the law exists. The application is denied.

Application denied.