It is no ground for removing an executrix, who is the sole beneficiary
of the decedent, that she has been absent from the state for a greater
part of the year following the issue of letters, where she has performed
during that time all the statutory duties of her trust, and the year has
not yet expired.

2. SAME—EVIDENCE.

Where a petition is filed for the removal of an executrix, derogatory
questions asked one of the petitioners as a witness de bene esse in an
action in another court, not available to executrix in resistance of her
removal, should be stricken.

In the matter of the application for the removal of Katharine J.
Magoun, executrix of George E. Magoun. Motion to strike objec-
tionable matter. Denied.

J. Aspinwall Hodge (Robert D. Murray, of counsel), for petition-
ers.

Eliot Norton (Timothy M. Griffing, of counsel), opposed.

PETTY, S. The preliminary motion is to strike from an affida-
vit submitted in support of the defense to this application certain
matter as scandalous. Such matter consists of questions asked one
of the petitioners herein upon cross-examination in an action in an-
other court in which she was called as a witness de bene esse, and
her answers thereto. Her answers, if in the affirmative, would se-
riously reflect upon her character. The sole issue in this proceeding
is the nonresidence of the respondent, and the matter referred to is
clearly irrelevant and immaterial to this issue. It is insisted, how-
ever, that it should stand, as bearing on the question of credibility.
I find no basis for a denial of the motion. The cases cited by the
respondent are not, in my opinion, in point. The most that they
can be said to hold is that the questions may be asked on cross-
examination as affecting the credibility of the witness. There is not
a suggestion, however, in any of them, that the witness may not
refuse to answer, or that, if such refusal be made, the questions and
answers may be used against the witness. Moreover, in one of them
(People v. Webster, 139 N. Y. 84, 34 N. E. 730) the rule is stated to
be "that a witness may be specially interrogated upon cross-exam-
ination in regard to any vicious or criminal act of his life, and may

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 243.

be compelled to answer unless he claims his privilege." In another (Shepard v. Parker, 36 N. Y. 517) the court is careful to say of the practice: "The protection against its abuse is twofold: First, in the privilege of the witness to refuse to answer; and, second, in the discretion of the judge." It appears that the petitioner, when a witness, did refuse to answer; and, while she did not specifically state her privilege to be the ground of such refusal, it would have been a sufficient reason. No evidence was given by the petitioner on the subject covered by these questions, and, the examination being taken de bene esse, no attempt has been made to compel her to answer or state the reason of her refusal. Under such circumstances, the questions are clearly without bearing, and the situation the same as if they had not been asked. The matter covered by them is scandalous by nature, and similar matter would be stricken from the petition on like motion.

The motion to strike out is therefore granted, with $10 costs. As to the motion to remove the matter from the files, I believe it to be the better practice to seal it, and, if this be done effectively, the same result will be accomplished.

As to the removal of the widow as executrix, I believe the application should be denied. While it is shown that she has resided without the state since her appointment, the unfortunate circumstances in which she has been placed afford satisfactory explanation, coupled with her denial of intent to become a nonresident. She is the sole legatee, devisee, and executrix under the will of her husband, and the mother and general guardian of his only child, an infant. With no relatives in the East, her desire to remove from the scene of the death of her husband, her attendance at the bedside of her mother during her last illness, and her subsequent stay among relatives in Ohio, present sufficient reasons for her absence. Save for instituting transfer tax proceedings, for which the law gives her still nearly a year, she has omitted no step in her duties as the representative of her husband. Notice to creditors has been published, and the statutory inventory filed. That the petitioners are hindered and delayed in the service of process and the revival of actions pending against decedent at the time of his death is unfortunate, but presents no different situation than might exist in every case if executors saw fit to travel abroad during the statutory year. In taking assets of the estate with her, the executrix was within her rights. The year given her for the administration of the estate has not yet elapsed, so that no accounting is yet due. Matter of Bronner, 30 Misc. Rep. 31, 62 N. Y. Supp. 1003. In addition, the nature of the relief required by law in such cases is of consequence. I should not hesitate to grant the application, but with leave to the executrix to continue as such on filing a bond, if it were within my province. A serious inconsistency exists, however, in our statutes governing objections to executors on ground of nonresidence, for while such objections, when to the appointment of a nonresident, may be obviated by filing a bond, no such privilege is granted an executor when his removal is asked on the same ground. Code Civ. Proc. § 2667; Postley v. Cheyne, 4 Dem. Sur. 492, 497. The relief granted must be the

unqualified removal of the executor, and. this I consider too harsh, under the circumstances of the present case. But while I decide in favor of the widow, the prompt and orderly settlement of estates is so essential that something in the nature of an admonition should be added. The application is therefore denied, with privilege to renew upon the original papers, and upon notice, if at the expiration of the statutory year, and a few weeks of grace, the accounts of the respondent as executrix are not rendered and settled. Costs to abide the event.

Decreed accordingly.