In the Matter of the Estate of John P. Hier, Deceased. Frederick P. Hier and Another, as Executors, etc., Appellants; Laurence P. Coon, Respondent.

Fourth Department, May 2, 1923.

Wills — construction — legacy to grandson to be paid when he becomes twenty-one years of age does not carry interest prior to date of payment — intent that interest should be paid during minority not shown.

A legacy of a specified amount to a grandson "to be his absolutely and to be paid to him when he arrives at the age of twenty-one years" does not carry interest from the date of the death of the testator to the time when the legatee reaches the age of twenty-one years, where it appears that the legatee lived with his mother, for whom the testator had made ample provision; that the testator provided that, in case the mother should die before her legacy, which was payable in installments, was paid in full, and before the grandson reached the age of twenty-one, the executor should pay the grandson $1,000 a year until he reached the age of twenty-one; and that the testator gave his grandson $20,000 shortly before he died.

An intention by the testator that the legacy to the grandson, which was not severed but was payable out of the general assets of the estate, should carry interest is not shown by the use of the words "to be his absolutely" nor by the fact that the testator directed that several other legacies should not carry interest.

Hubbs, P. J., and Sears, J., dissent.

Appeal by Frederick P. Hier and another, as executors, etc., from a decree of the Surrogate's Court of the county of Onondaga, entered in the office of said Surrogate's Court on the 13th day of October, 1922, directing the payment of interest on a legacy to the respondent.

W. J. & W. E. McClusky [W. E. McClusky of counsel] for the appellants.

Williams & Cowie [Daniel Scanlon of counsel], for the respondent.

Davis, J.:

The last will and testament of John P. Hier, probated July 8, 1913, provided in paragraph 2 as follows: " I give, devise and bequeath to my grandson, Laurence P. Coon, the sum of ten thousand dollars ($10,000) to be his absolutely and to be paid to him when he arrives at the age of twenty-one years."

Laurence P. Coon, the legatee therein named, became twenty-one years of age on May 17, 1922. On that day the amount of his

legacy, $10,000, was tendered to him by the executors, but was refused because it was tendered in full satisfaction of his legacy, and Coon claimed to be entitled to interest from the date of the death of the testator.

On the petition of Coon the matter was duly submitted to the surrogate who decided that the petitioner was entitled to interest from the date of the probate of the will. From this decree the executors have appealed.

In a case decided in 1817 the general rule was stated that a legacy payable at a future date does not carry interest until after it is payable, unless it be a legacy to a child payable at a future date and the child has no other provision nor any maintenance in the meantime allotted by the will, and the relation of parent and child, or some similar duty of care and maintenance exists. This exception is based on the presumption that the parent must have intended that the child should, in the meantime, be maintained at his expense. But this implication is destroyed if any provision, however small, be made for maintenance. And the better opinion or the weight of authority is that even this humane presumption does not apply to the case of grandchildren, and that there must be something special in the will, for that purpose, in case of a grandchild, or a legacy payable at a future day will not carry interest. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614, 627, 628.)

This rule has been several times reaffirmed, particularly in *Williamson* v. *Williamson* (6 Paige, 298); *Bradner* v. *Faulkner* (12 N. Y. 472); *Thorn* v. *Garner* (113 id. 198); *Lyon* v. *Industrial School Association* (127 id. 402) and *Harward* v. *Hewlett* (5 Redf. 330); and the exception is discussed in *Brown* v. *Knapp* (79 N. Y. 136).

In view of this rule the appellants urge the following facts: The petitioner is the grandson of the testator, and there was no direct obligation on the part of the latter for the former's support. The petitioner's mother was living and had been appointed his guardian, and he was living with her. The will of the testator (her father) devised and bequeathed to her the sum of $150,000 to be paid to her in twenty annual payments of $7,500, the first payment to be made one year after his death, and in the event of her death before the legacy was paid, the balance remaining unpaid should " revert " to Frederick, the son of the testator, unless the daughter should die before petitioner reached the age of twenty-one years, and in that event the executor was directed to pay petitioner the sum of $1,000 per year until he reached the age of twenty-one, and then, if any of the legacy remained unpaid, the balance should " revert " to the testator's son.

What other property petitioner's mother had is not disclosed.

The testator had given his grandson $20,000 shortly before he died. It is evident, therefore, that the maintenance of the petitioner was provided for by the testator, and that the general rule above stated should be applied, unless some special reason may be advanced to the contrary.

This reason the petitioner claims to find in the will itself expressing, as he says, the intent of the testator that such interest should be paid. He calls our attention to the fact that $10,000 is given to him " to be his absolutely." We do not attach much significance to this phrase. It was evidently used by the testator to distinguish certain bequests from those to be paid in annual installments where the balance of the principal sum given would " revert," as the testator says, to some one else in case of the death of the legatee before the entire amount was paid.

The significant fact urged upon us is that the testator in other paragraphs of the will stated specifically that the legacies should be paid " without interest." It was so provided as to the $150,000 to the daughter Florence D. Coon. Likewise as to $10,000 to John P. Hier to be paid in ten annual payments; $5,000 to Philip H. Bettingen to be paid when he became twenty-one; and $5,000 to Horace W. Hier to be paid in ten annual payments, all three, like petitioner, being grandsons. The petitioner relies upon the maxim " *Expressio unius est exclusio alterius*," and asserts that the intent of the testator is made clear that interest should be paid petitioner because he expressly provided that it should not be paid the others.

The intent of the testator is to be ascertained from the language of the will and the surrounding circumstances, about which there is no dispute. This is a question of law. ( *Underhill* v. *Vandervoort*, 56 N. Y. 242; *Williams* v. *Jones*, 166 id. 522, 533.)

The learned surrogate was of the opinion " that it was the intent of the testator that the sum of $10,000 be set apart for the benefit of his grandson with all the advantages that might accrue thereupon to be accumulated and received by him when he should become twenty-one years of age." The authorities relied on were *Matter of Goble's Will* (10 N. Y. Supp. 18; 30 N. Y. St. Repr. 944) and *Matter of Knight's Estate* [*Lewis* v. *Barkley*] (135 N. W. Rep. 379).

We reach a different conclusion. The record does not disclose the relative proportion of real and personal property in the estate. We do not find a direction or purpose in the will to separate this legacy from the general assets of the estate. The executor is given in the 9th paragraph general power of sale, lease and management of the real estate. From the fact that nothing is said concerning

the personal property, it may be inferred that the estate consisted largely of real property.

A somewhat similar case, though more specific in the directions given in the will to the executor by the testatrix, was decided in this court in *Bank of Niagara* v. *Talbot* (110 App. Div. 519; affd., 184 N. Y. 576). There the executor was given power to collect the income of the real estate and to invest and reinvest the same with full power of sale at any time within six years after the decease of the testatrix, and the direction given that " not later than the expiration of six years after my decease, according to the best judgment of my executor, my property shall be converted into money and my estate fully settled and the distributive shares or legacies paid over to the person or persons entitled thereto." It was held that such legacies did not become due until six years after the death of the testatrix, and did not bear interest until such period had elapsed.

*Matter of Goble's Will* (*supra*) was a decision by the surrogate of Orange county where the will gave $1,000 to the only child of a deceased daughter of the testator, to be paid when she attained the age of twenty-one years. The residue of the estate was given to his wife for life. The grandchild was not supported by the testator. The surrogate gave recognition to the general rule as to the payment of interest on legacies and directed " the executors to retain the legacy of $1,000 to Edna Miller and invest the same for her benefit during her minority, and that she be paid the same, with accumulations, when she becomes twenty-one years of age." This decree was based on the theory that " where a fund is severed immediately from the testator's death, for the benefit of the object of the gift, not only is the gift vested, but carries the interim income." Such is the correct rule in the case of a specific legacy or where the will directs a severance. (40 Cyc. 2100, 2101.)

We do not find evidence of severance of this particular legacy in the will under consideration. It apparently is payable out of the general assets of the estate.

*Matter of Knight's Estate* (*supra*) is reported in 91 Nebraska, 127, *sub nom. Lewis* v. *Barkley*. It appears that there is no statute in that State relating to interest on legacies, but it seems to be the rule to allow interest after the expiration of the year allowed to the executor to settle the estate. In the case cited a legacy of $10,000 was given by the will to the husband of the testatrix. He was also made executor, and the will was generally favorable to him. He took possession of the estate and " appears to have used and treated it as his own," but he had not fully paid himself his legacy when he died. His administrator brought suit for the

balance of the legacy and claimed interest. There were two other specific legacies with express provision that " he [the executor] shall in no event allow interest thereon." The court held that in view of all the facts, with no such limitation placed upon the husband's legacy, the trial court was justified in finding that the testatrix intended the legacy should bear interest after the first year of administration. That case was decided upon its peculiar facts and may not, we think, be regarded as authority for a general rule that when a testator directs that certain legacies shall not bear interest, a presumption will arise that others will bear interest where there is no direction on the subject.

In the case before us the grounds for the presumption for such intent seem unstable. We are inclined to the view that the omission of the words " without interest " in the paragraph relating to this legacy was inadvertent and at least had no significance to the testator. There were no surrounding circumstances indicating a reason for giving preference to this grandson over the others, except that his legacy was given to him absolutely while the others were payable in installments or were smaller in amount. A presumption may not be based on such slight circumstances.

The testator was a man of quite extensive property and he gave ample directions to his executor regarding its management and sale. He omitted to provide in express terms that this substantial legacy should draw interest. He knew that very likely some considerable period of time would elapse between the date of his death and the date the legacy would be payable. Such facts would not ordinarily escape the attention of a man accustomed to rent property and receive income. That he should make no provision for interest furnishes some presumptive evidence that he did not intend it should be allowed. (*Bradner* v. *Faulkner, supra*.)

We think this case falls within the general rule that interest on legacies may not be allowed until after they become payable under the terms of the will.

The decree appealed from should be reversed, with costs, and the matter remitted to the Surrogate's Court, with directions to enter a decree in accordance with this opinion, the costs allowed in such decree to be in the discretion of the surrogate.

All concur, except HUBBS, P. J., and SEARS, J., who dissent and vote for affirmance.

Decree reversed, with costs, and matter remitted to the Surrogate's Court, with directions to enter a decree in accordance with the opinion, the costs allowed in such decree to be in the discretion of the surrogate.