In the Matter of the Estate of ELIAS LITTMAN, Deceased.

Surrogate's Court, New York County, June 25, 1928.

**Wills — legacies — legacies payable in future do not carry interest.**

Legacies payable to legatees when they respectively marry or become of age do not carry interest until the date of payment arrives.

PROCEEDING for settlement and accounting of estate involving construction of will.

—— ——, for the ——

—— ——, for the ——

O'BRIEN, S. On the settlement of the decree in this accounting proceeding a question of construction is presented, to wit: Whether or not legacies of $10,000 to each of the children of testator's daughter, " when they respectively marry or become 'of age," are payable with interest. Said legacies are given by paragraph " fifth " of the will " to each and every child of my daughter Sadie Levy."

Paragraph " sixth " gives the residuary estate to the executors, in trust (a) to pay an annuity of $600 a year to testator's sister-in-law; and (b) to pay the balance of the income to said daughter, Sadie Levy, for her life. Paragraph " seventh " of the will gives the remainder, upon the death of said daughter, and subject to the annuity to the sister-in-law, to and amongst the lawful issue of the former. There are now in existence three children of the daughter. One of them, an adult, has received his legacy of $10,000 under paragraph " fifth." The other two are infants, and the executors, two of whom are the parents of said infants, propose to pay the legacies in question without interest.

In support of such a construction of the will it is contended that a legacy payable at a future date does not carry interest until after it is payable. On the other hand, the special guardian for the two infant legatees contends that such infants are entitled to interest on their legacies after one year from the date when letters testamentary issued. I hold that the legacies are payable at the time mentioned in the will, without interest. (*Matter of Hier*, 205 App. Div. 215.) In that case, as in the present case, the will gave a specified amount to a grandson " to be his absolutely and to be paid to him when he arrives at the age of twenty-one years." The court pointed out that there was no direct obligation on the part of the testator for the support of the grandson; that the latter's mother was living and he was living with her; and that testator in his will had amply provided for the mother of the grandson. An additional feature in the present case is that the grandchildren are the remaindermen of the residuary trust fund, of which their mother is the chief beneficiary.

The legacies in question should, therefore, be paid without interest. Decree signed settling the account accordingly.