In the Matter of the Estate of MAURICE FIEUX, Deceased.

Surrogate's Court, New York County, May 23, 1932.

*Baldwin, Hutchins & Todd,* for the petitioners.

*Moos, Nathan, Imbrey & Levine [George X. Levine* of counsel], for the respondent Elsie G. Engelhardt.

*William F. McKenna,* special guardian.

FOLEY, S. This is a proceeding for the construction of a will. By article " sixth " of his will the testator created a trust of all his residuary estate. From the income of the residuary estate so held in trust the trustees were directed to pay the sum of $1,050, " quarter annually," to Elsie G. Engelhardt until her death or marriage, and the sum of $225, " quarter annually," to Mathilde Le Main during her life. The trustees were directed to pay all the remaining income to Ernest D. Fieux, testator's brother, during his life. It is also provided that on the death or marriage of Elsie G. Engelhardt her share of income is to be paid to Ernest D. Fieux during his life and a similar provision is made as to the share of income of Mathilde Le Main upon her death. Upon the death of Ernest the residuary estate is to be divided and distributed among his children and the issue of deceased children either outright or in trust, depending on the respective ages of the remaindermen at that time. The language of this will with respect to the annuities and disposition of the balance of income in the primary trust is almost exactly identical with that of the will construed in *Buchanan* v. *Little* (154 N. Y. 147), and with the will in *People's Trust Co.* v. *Flynn* (188 id. 385). In accordance with the rule stated by the Court of Appeals in both of these cases, I hold that a valid trust is created, the duration of which is measured by the life of Ernest. The provisions for Elsie G. Engelhardt and Mathilde Le Main are valid and are to be given effect as annuities payable out of income during the trust term. If either or both of the annuitants predecease Ernest, the secondary life estate in him is valid. If Ernest D. Fieux, the life beneficiary, predeceases the annuitants, the value of the annuities, which are a charge on the residuary estate, can then be computed and the amount paid to each annuitant. (*Buchanan* v. *Little, supra.*) The valid provisions of the will for the

annuitants and Ernest are clearly severable from the provisions disposing of the remainder, and should, therefore, be given effect. (*Matter of Trevor*, 239 N. Y. 6; *Matter of Horner*, 237 id. 489.) The question as to the validity of those provisions disposing of the remainder or those providing for subsequent life estates for his issue is at the present time academic and the determination of legality or illegality will be reserved until the death of Ernest D. Fieux. (*Matter of Hance*, 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Mount*, 185 N. Y. 162; *Matter of Von Bernuth*, 127 Misc. 705.)

Submit decree on notice construing the will in accordance with this decision.