Joseph A. Cox, S.
In this proceeding to settle their account the executors have asked the court for instructions with respect to the distribution of interest earned on certain savings bank accounts established by them to pay certain bequests made by the testatrix. These bequests which were described by the testatrix in paragraph Twenty-eighth of her will as legacies payable in annual installments and which have been characterized by the executors as “ installment legacies ” were made by the testatrix in paragraphs Third, Fourth, Fifth, Six, Seventh, *5 Ninth and Fourteenth of her will. In each of these paragraphs the testatrix made a bequest of a specific sum of money, to wit, either $20,000 or $30,000 to a named beneficiary and then provided for the payment of the bequest in equal annual installments over a period of 10 successive years. An illustration of these bequests, the language of which, except for the amount involved, is common to them all, reads as follows: “ I give and bequeath to * # * the sum of $20,000 to be paid to her in equal annual installments of Two Thousand Dollars ($2,000) each during ten successive years after my decease, the first of said sums of Two Thousand Dollars ($2,000) to be paid to her six months after the date of my death, and Two Thousand Dollars ($2,000) annually thereafter during the succeeding nine years ”.
In paragraphs Fourth, Fifth and Sixth the testatrix went on to provide that if the named beneficiary should die ‘ ‘ before all of said sums shall have been paid to her, the balance of said sums unpaid shall become part of my residuary estate and to that extent the legacy shall lapse. ’ ’
In paragraphs Third, Seventh, Ninth and Fourteenth, testatrix named either one or more alternate beneficiaries who were to receive the balance of the legacy if the named beneficiary died before receiving all of the installments.
In paragraph Twenty-eighth the testatrix gave her executors the absolute discretion to advance from time to time to any of the legatees named in the will, whose legacy was payable in installments, such additional sum or sums out of the installments thereafter becoming due as they, the executors, should deem proper.
The executors in order to carry out the testatrix’ wishes have established seven separate savings accounts in which they have deposited the full amounts required to liquidate the legacies made by the testatrix as aforesaid. The problem presented is whether the interest earned by these savings accounts should be paid to the said named beneficiaries or whether the interest earned should be paid to the residuary legatees. Twenty-seven charitable organizations were named by the testatrix as her residuary legatees.
In order to determine who is to receive the interest on these savings accounts it is first necessary to determine the true meaning and legal effect of the language of gift used by the testatrix. Although the testatrix’ description of these bequests as legacies payable in annual installments and the executors’ characterization of these bequests as “installment legacies” are descriptive of these bequests, both the testatrix’ description and the *6 executors’ characterization are not legally precise. Research has failed to disclose a comprehensive definition of either of these phrases but it would appear to this court that an ‘ ‘ installment legacy ” is one that vests immediately and unconditionally in the legatee upon the death of the testator, the payment of which is deferred presumably for the benefit of the legatee. In such eases, therefore, the death of the legatee prior to the receipt of the full legacy does not defeat the right of his estate representative to recover the full amount bequeathed to him. Scrutiny of the language of gift used by the testatrix reveals that the bequests in question fail to meet the test of this definition. It cannot be presumed that the postponement of payment was for the benefit of the legatees for not only did the testatrix require survivorship as a condition precedent to the receipt of the full legacy, but in addition thereto, provided for either a lapse as to the unpaid balance or payment over of such balance to alternate beneficiaries. The power conferred upon the executors to make advance payments to the alleged installment legatees does not change the nature of the gift because it must be presumed that the exercise of this discretionary power will not be unreasonably used to the detriment of the residuary legatees or alternate beneficiaries. The contention urged by the special guardians that the gifts immediately vested in the named legatees upon the death of the testatrix, therefore, cannot be sustained.
It is the opinion of this court that the testatrix in all of the paragraphs in question made gifts which are in the nature of and have the characteristics of annuities. In section 851 of Davids, New York Law of Wills (at p. 1383) the following definition of an annuity is found:
‘ ‘ Where testamentary provisions direct the payment of a specified sum per annum to a designated person, the right created in favor of such person, and the annual sums of money, are referred to as an annuity. In effect the gift is a simple, general legacy, having the legal attributes of general legacies, and differing from such bequests only in that payment is made in periodical sums.”
An examination of the dispositive provisions of the paragraphs in question reveals that they fall exactly within the definition hereinabove quoted. Additional support for this viewpoint can be found in Matter of Maybaum (296 N. Y. 201). In that case the testator gave 60% of his net residuary estate to his wife and directed that his executor pay the same to her in monthly installments of $35. The testator therein then went on to provide that in the event his wife should die before receiv *7 ing her entire 60% share of the net residuary estate, the balance of her share should be paid to her son. With those provisions before it, which are almost identical with the provisions of the will in the case at bar, the Court of Appeals found that the bequest to the wife was in fact an annuity and not an absolute gift.
An annuitant is entitled to receive only the exact amount per month or per annum which the decedent directed to be paid to him. He is not entitled to receive any interest or excess earnings which may accrue on the fund set aside to produce the annuity. (Matter of Vanderbilt, 134 Misc. 574, affd. 229 App. Div. 574; Matter of Kohler, 231 N. Y. 353.) It must also be noted that even if these bequests were to be regarded as true legacies no interest would be payable thereon prior to the time fixed by the testatrix for the payment of such legacies. (Thorn v. Garner, 113 N. Y. 198; Bank of Niagara v. Talbot, 110 App. Div. 519, affd. 184 N. Y. 576; Matter of Hier, 205 App. Div. 215.)
The testatrix apparently did not contemplate or envision that there would be any interest or income earned by the funds set aside to provide for the annuity payments and, therefore, did not specify or provide for the disposition of this income. Under these circumstances the court is of the opinion that the provisions of section 17-b of the Personal Property Law are applicable. Under that section income not otherwise disposed of by a will, which is earned during the period of administration, is to be distributed pro rata as income among persons entitled to the residuary estate. The court, therefore, directs that all interest-earned by the savings accounts established by the executors shall be paid proportionately to the residuary legatees.
This court has also been asked to determine the identity of 6 of the 27 residuary charitable legatees. It appears from Schedule “L” of the account that the same question was presented to the Supreme Court of New York County with respect to certain inter vivos trusts created by this decedent during her lifetime. Although the decision of the Supreme Court is not res judicata or binding upon this court because a different instrument is here being considered, this court agrees with the rulings made by our learned associate in the Supreme Court as to the identity of the charities intended by the testatrix and adopts such rulings as its own.
There being no objection thereto the court approves the allocation of taxes as shown in Schedule “J” of the account. The balance of relief prayed for by the petitioner is allowed.