■ Max Tirschwell, as Executor of Elizabeth Dolan, Deceased, Respondent, v. Fred J. Dolan, Sr., Appellant.— Hamm, J. This is an appeal from a judgment of the Supreme Court in favor of the plaintiff entered upon the verdict directed by the court at a Trial Term. The respondent's testate will be referred to as the plaintiff and the appellant will be mentioned as the defendant. The facts according to the plaintiff's evidence are these. On August 30, 1961, the defendant, the plaintiff's nephew, transported the plaintiff to the

924

Bank for Savings in the City of New York. At that time the plaintiff was blind and more than 90 years of age. The plaintiff wished to withdraw $400 to pay for her care at a nursing home. The bank account was in the name of "Elizabeth Dolan IN TRUST FOR Mrs. Rose Claire Dolan". It contained $13,192.29. The defendant purportedly prepared a withdrawal request and instructed the plaintiff to sign it and the plaintiff signed, believing that she had signed a withdrawal slip for $400. Actually the instrument which she signed was an order to transfer the balance standing to her credit to an account in the name of the defendant in trust for her. On the same day pursuant to the order of transfer an account was opened in the name of "Mr. Fred J. Dolan IN TRUST FOR Aunt Elizabeth Dolan". On October 10, 1961, the defendant withdrew $1,000 and on October 23, 1961, withdrew the remainder of the account. In the first cause of action he is charged with fraud and in the second cause of action based on the same facts conversion is alleged. The only witnesses were the plaintiff and the defendant. At the close of the evidence the court said: "the evidence  *  *  *  warrants the Court in granting the plaintiff's motion for a directed verdict in the amount demanded in the plaintiff's complaint for the full amount; because any contrary verdict by a Jury would have to be set aside as against the weight of the evidence." Had the jury after submission of the case returned a verdict in favor of the defendant we no doubt would have regarded the court's action in setting aside the verdict as a proper exercise of discretion (*Mann* v. *Hunt,* 283 App. Div. 140; *Schied* v. *Davey Tree Expert Co.,* 2 A D 2d 926; *Rega* v. *Farley,* 13 A D 2d 860). But a motion for a directed verdict may be granted only when the court, accepting as true the evidence of the nonmoving party, would be required to set aside a verdict in favor of such party on the ground that the evidence was as a matter of law insufficient to support such a verdict (Civ. Prac. Act, § 457-a). On such a motion, the court cannot weigh the evidence, and it may not direct a verdict merely because it would set aside a contrary verdict as against the weight of the evidence. "The test is whether the trial court could find 'that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence  *  *  *  presented.' (*Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245.)" (*Wearever Upholstery & Furn. Corp.* v. *Home Ins. Co.,* 286 App. Div. 93, 95.) It has been held that the rule that the credibility of a witness who is a party to the action must be submitted to the jury is not absolute and inflexible and that, where his evidence is not contradicted by direct evidence nor by any legitimate inferences from the evidence and is neither improbable nor suspicious in nature and in part corroborated by other evidence, it may be given conclusiveness on a motion for a directed verdict (*Hull* v. *Littauer,* 162 N. Y. 569). It could be found in this case that the plaintiff's testimony is partially corroborated by the defendant's evidence as a result of the shattering cross-examination of the defendant. But we find here a circumstance that, in our opinion, inhibits relaxation of the strict rule that the credibility of a party is for the jury. A witness may be interrogated on cross-examination with respect to any immoral, vicious or criminal act of his life which may affect his character and show him to be unworthy of belief (*People* v. *Webster,* 139 N. Y. 73; *Shepard* v. *Parker,* 36 N. Y. 517, 518). In the absence of the jury counsel for the defendant requested: "If the Court pleases; I would like to question the witness who is the plaintiff, as pertaining to certain acts or occurrences that occurred over a period of time, from 1956 to 1961, wherein she did receive money from the Welfare Department of the State of New York, at a time when she had sufficient means to sustain herself". The court sustained an objection "under the circumstances of this particular case". Even assuming the ruling may be sustained under the court's wide discretion as to cross-examination

bearing on credibility (*Turnpike Road* v. *Loomis*, 32 N. Y. 127; *La Beau* v. *People*, 34 N. Y. 222, 230; *People* v. *Sorge*, 301 N. Y. 198, 202), we think, nevertheless, that the court, having precluded examination of the plaintiff as to alleged acts involving crime or moral turpitude, was not thereafter justified in directing a verdict in favor of the plaintiff and in thereby accepting her testimony as creditable and true as a matter of law. We have held that interrogation as to conduct involving moral turpitude is predicated on the theory that one who lacks moral principles is not likely to be truthful (*Hyman* v. *Dworsky*, 239 App. Div. 413). Moreover, although the defendant's testimony was vague and in some particulars contradictory on cross-examination, we think there still existed disputed questions of fact although preponderance of the evidence was strongly in favor of the plaintiff. A reasonable man could find, for instance, from the defendant's direct testimony that all of the transactions within the bank were carried on exclusively between the plaintiff and the bank's employees with no direction or intervention by the defendant. For another instance the order directing transfer of the account from the plaintiff's name to the defendant's name, which was received in evidence, is subscribed by the plaintiff and signed by the defendant. The blank spaces in the printed form are handwritten. The writing is not that of either the plaintiff or the defendant. It is not disputed that the order was filled out and executed within the bank. A jury could reasonably infer that in the circumstances the bank's employees would not have accepted the plaintiff's signature without reading the order to her or stating to her its substance. We also note, parenthetically, that to lend verisimilitude to issues he attempted to raise, the defendant sought to elicit from the plaintiff that he was the principal beneficiary of the plaintiff's will admittedly made on March 3, 1961, and that the court sustained an objection on the ground of irrelevancy. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.