OPINION OF THE COURT
Michael A. Telesca, S.
Petitioner is the daughter of the deceased and the recipient of $300 per month from a trust created under her father’s will. Her daughters, who are the trust remaindermen, oppose the mother’s application for an increase claiming that EPTL 7-1.6 (subd [b]) does not allow this court to exercise its discretion to increase an annuity and thus, the petition should be *779 dismissed. They claim an annuity is a fixed amount and cannot be tampered with under the authority contained in EPTL 7-1.6 (subd [b]).
An examination of the authorities reveals this is a case of first impression on the questions raised.
The testator, who died in 1970, left the bulk of his estate, including his residence, to his only two granddaughters (daughters of the petitioner). The residuary estate of approximately $200,000 was bequeathed to his trustee to be held as follows: "out of the net income therefrom, and from the principal thereof if necessary, pay to my said daughter, Anne Virginia Schuhart, the sum of Three Hundred Dollars ($300.00) per month as long as she may live. Upon the death of my said daughter, I direct that my said trustees pay and deliver the remainder of said trust fund, and any gains and increases thereof, or the part thereof then remaining, unto my said grandchildren then living or to the survivor of them, in equal parts, share and share alike. In the event my said daughter should remarry during the lifetime of her first husband, Richard Q. Schuhart, I direct that said monthly payments be reduced to One Hundred Fifty Dollars, ($150.00).” (Emphasis added.)
In directing that a specific sum of money be paid monthly out of the income, and principal if necessary, the testator created an annuity. (Matter of Gurnee, 84 Misc 324, affd 165 App Div 920, affd 214 NY 660; Matter of Fieux, 144 Misc 495; Matter of Mitchell, 30 Misc 2d 781.) An annuity has the attributes of a general legacy, except that payments are made periodically in installments. (Matter of Weinberg, 29 Misc 2d 4; Matter of Coffin, 206 Misc 1094.) The spendthrift provisions of New York statutes, such as section 55 of the 1830 Revised Statutes of New York (part II, ch I, tit II, § 55), section 103 of the Real Property Law and section 15 of the Personal Property Law, were not applicable to annuities, whether trusteed or otherwise. (Wells v Squires, 177 App Div 502, affd 191 NY 529; Matter of Trumble, 199 NY 454; Matter of Chamberlin, 264 App Div 940, mod on other grounds 289 NY 456; Matter of Caswell, 185 Misc 599, affd 269 App Div 809.) As stated by the court in Matter of Gurnee (supra, p 327), in distinguishing a beneficial interest in income from an annuity, "[t]he former embraces only the net profits, after deducting all necessary expenses and charges. The latter is a fixed amount, directed to be paid absolutely and without contingency.”
*780 The petitioner argues that EPTL 7-1.6 (subd [b]) is applicable to annuities as well as beneficial interests in income, claiming that the statutory language applies to any beneficiary of a trust who receives all or part of the net income, and consequently, it does not exclude annuitants. The words do not lend themselves to such a strained interpretation. An annuity is not a trust "to receive income from property and apply it to the use of or pay it to * * * any income beneficiary”. The language in the statute should be given its ordinary meaning, "[i]t is not allowable to interpret what has no need of interpretation * * * when the words have a definite and precise meaning, * * * [nor] to go elsewhere in search of conjecture in order to restrict or extend the meaning.” (Meltzer v Koenigsberg, 302 NY 523, 525; Glasser v Price, 35 AD2d 98.)
Moreover, the legislative history as contained in Report No. 6.6B of the Temporary State Commission on the Law of Estates, "Relaxation of Spendthrift Trust Concept-Termination of Trusts-Creditors” (Second Report of Temporary State Comm on Modernization, Revision and Simplification of Law of Estates, NY Legis Doc, 1963, No. 19) clearly establishes that annuities never were subject to the limitations placed upon spendthrift trusts and, consequently, were not affected by the legislative changes made with respect to spendthrift trusts. As pointed out in the report, the reasons for modifying the rule against indestructibility was to establish a means for carrying out the intent of a testator who "[e]ither through lack of experience of the draftsman, lack of thought on the part of the settlor or testator, or the result of inflation or substantial decrease in the corpus of the trust which has been considered by neither of the above, no provision for invasion of corpus has been inserted in the instrument. The court being without power to invade is helpless to grant relief and the intent of the settlor or testator that the primary object or objects of his bounty be provided for is thus frustrated” (p 468 [emphasis added]). Here, however, the testator expressly provided for the invasion of corpus, which factor is indeed one of the reasons annuities are treated differently than spendthrift trusts. Additionally, the testator provided for a decrease in the annuity upon his daughter’s remarriage during her husband’s lifetime. The testator was precise in his instructions leaving no room for conjecture as to his intent.
In view of the above, it is unnecessary for the court to *781 consider whether the testator “would have approved [the] corpus invasion even though he may not have thought of it when the will was executed”. (Matter of Marafioti, 80 Misc 2d 206, 209.)
The application is denied.